### DAVIDSON *v.* MAYHUE.

#### Opinion delivered October 11, 1915.

ATTACHMENT—DAMAGES—ONE ACTION.—Kirby's Digest, Sec. 381, which provides that in all actions of attachment, in which the defendant shall recover judgment for a discharge of the attachment, the court or jury trying said attachment shall assess the damages sustained by the defendant by reason of such attachment, and the court shall render judgment against the plaintiff and his sureties for the amount of the damages, *held* to be mandatory, and the issues must be disposed of in one suit.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

#### STATEMENT BY THE COURT.

This suit was instituted by the appellant against the appellees on February 23, 1915.  The complaint alleged that Maggie Mayhue instituted attachment suits against W. L. Davidson before a justice of the peace, one suit being for the sum of $200 and the other for the sum of $220, money alleged to be due for rent on certain lands for the year 1912; that attachments were issued and a bond executed in each case by Maggie Mayhue, with W. A. Mayhue as surety, the bonds being in double the amount sued for; that on the 9th day of November, 1912, there was a trial in each case and the attachments were

sustained and judgment rendered against Davidson for the respective amounts claimed; that Davidson took an appeal to the circuit court; that in the circuit court, on motion of Davidson, the two cases were consolidated and tried as one case; that judgment was rendered, upon the issues, in favor of the defendant in the attachment suits (who is plaintiff here), dismissing the attachments, with judgment for costs, etc.; that Maggie Mayhue, plaintiff in the attachment suits, and her bondsman, W. A. Mayhue, are liable to the plaintiff, Davidson, by reason of the wrongful attachment proceedings, in the sum of $980.00, setting out the items constituting the damages. The prayer was for judgment in favor of plaintiff against Maggie Mayhue and W. A. Mayhue in the sum of $980.00 with interest, costs, etc.

The defendants demurred to the complaint, alleging that it did not state facts sufficient to constitute a cause of action, and setting up that plaintiff was estopped from maintaining the action because the issue as to the damages which he alleges occurred by reason of the attachment suits should have been determined in those suits. The court sustained the demurrer and plea in bar of the action, and, the plaintiff refusing to plead further, the court rendered judgment dismissing his complaint and for costs in favor of the defendants. The plaintiff duly prosecutes his appeal to this court.

*Samuel A. Moore,* for appellant.

1. The statute upon which appellee relies, Kirby's Dig. § 381, does not apply to this case, but if it does apply, it is directory merely, and not mandatory. 34 Ark. 707, 718, 719.

It is not necessary to the recovery of damages in an action on an attachment bond, that the judgment in the original action discharging the attachment, should fix the amount of the damages. 37 Ark. 614-626; 62 Ark. 135.

2. Aside from the statutory remedy, appellant had a right under the common law to bring a separate action

for damages against the appellee.     62 Ark. 138; 61 Ark. 453.

3.     The circuit court had no jurisdiction of appellant's damages in the original suit.     The two suits instituted in the justice of the peace court, were split in order to give that court jurisdiction, a thing the law does not tolerate.     The circuit court's jurisdiction depended on the justice of the peace court having jurisdiction originally.

There was, therefore, left to the appellant only one course to pursue, and that was to bring a subsequent suit for his damages.     61 Ark. 33, 35; 62 Ark. 209; 69 Ark. 433.

*Ira J. Mack,* for appellee.

1.     The question as to whether or not the statute, Kirby's Dig., § 381, is mandatory or directory merely was not before the court in the case of *Holliday* v. *Cohen,* 34 Ark. 707, cited by appellant, but the plain language of the statute shows that it is mandatory.

2.     On appellant's motion the two attachment suits were consolidated in the circuit court.     It then became a new action in that court, and did not depend as to jurisdiction upon the justice of the peace court.     8 Encl. Law and Proc. 606.

3.     If appellant was damaged by the attachments, it was his duty to present his claim on the trial of the attachment suit in the circuit court.     This is not only required by the statute, but it is also a general rule that when parties are in court they should bring forward all claims and demands connected with the matter in controversy.     Black on Judgments, § 731; 23 Enc. Law and Proc. 1171; 105 Ark. 488-493.     See, also, 37 Ark. 206; 32 Ark. 741.

WOOD, J. (after stating the facts).     The court did not err in dismissing appellant's complaint.     Section 381 of Kirby's Digest provides: "In all actions of attachment in which the defendant shall recover judgment for the discharge of the attachment, the court or jury

trying said attachment shall assess the damages sustained by the defendant by reason of such attachment, and the court shall render judgment against the plaintiff and his sureties in the attachment bond for the amount of such damages and cost of the attachment.''

The statute contemplates that the court or jury trying the question as to whether or not the writ of attachment should have been issued, must also, in the event that it is decided there were no grounds for the attachment, assess the damages that the defendant may have sustained by reason of the attachment.

This court, so far as we are advised, has never before decided that this provision of the statute is mandatory. Soon after the passage of the above statute, however, this court, in the case of *Holliday Bros.* v. *Cohen,* 34 Ark. 707, speaking of the practice that should obtain under it, had this to say: ''There is, however, such an analogy between the acts of 1875 (the statute now under review) and 1867, that the impression is strong in the profession, and upon our minds, that the Legislature meant to return to the policy of the latter act, * * * and to leave it with the court, through proper instrumentalities, to settle in one suit, the whole of the litigation arising not only out of the cause of action, but also out of the bonds executed in its progress. We think it therefore within the equity and spirit of the act, as a matter of practice, that the defendant should have the right, when the plaintiff shall fail to bring his suit to final trial, or may fail otherwise, to have a jury summoned on his own behalf to assess the damages which may have accrued to him from a wrongful attachment in the action and which has been dissolved. It is certainly unreasonable, and a bad practice, which may lead to great injustice, to have an assessment of damages, judgment and execution in favor of defendant upon an interlocutory trial when in the end the plaintiff may recover a larger sum on his debt and find the defendant insolvent. One trial should settle all, and damages may be set off when fixed and a final judgment rendered on one or the other side for a balance.'' In

the recent case of *Rodgers* v. *Cades,* 103 Ark. 187, we held: When an attachment is dissolved and there is evidence tending to prove that defendant sustained damages by reason thereof, it was error to refuse to permit the jury to assess whatever damages defendant sustained by reason thereof.

The complaint in the present case shows that "a judgment was rendered upon the issues in favor of the defendant Davidson, and dismissing the attachment with costs."

It appears from the complaint in this case that the original suit of appellee Maggie Mayhue against the appellant, Davidson, in which the attachment was issued, was for rents, setting up the amount. The complaint also sets forth that the crops on the leased ground had been taken and sold under the attachment proceedings. Since the judgment was rendered in favor of the defendant, the court or jury trying the issues of that case, as they should have been tried under the law, must have found that the amount of the proceeds of the crop sold under the attachment and the damages accruing by reason of its issuance were at least equal to the amount claimed for rents. Upon no other theory could a judgment have been rendered "upon the issues in favor of the defendant;" and since the judgment was so rendered, the allegations of the present complaint show that the plaintiff had no cause of action; for the plaintiff below was the defendant in the attachment suit and the damages which he now sets up as arising by reason of the wrongful issuance of the attachment were in issue in the original suit in which the attachment was sued out.

As judgment was rendered in favor of the defendant in the attachment suit (appellant here) upon the issues in that case, as shown by the appellant's complaint, and as the issue of the amount of damages to the defendant in the attachment suit (appellant here) was one of the issues to be determined in that case, appellant can not prosecute another suit and obtain judgment on the same issue. *Ederheimer* v. *Carson Dry Goods Co.,* 105 Ark.

488-493. Appellant's complaint in the present suit nowhere alleges that the issue of damages accruing by reason of the wrongful issuance of the attachment was not determined in the original suit in which the attachment was issued. The allegation of the complaint to the effect that "a judgment was rendered upon the issues in favor of the defendant", shows directly to the contrary.

But even if appellant's complaint had alleged that the damages to him growing out of the wrongful attachment had not been determined in the suit in which the attachment was issue, still a complaint containing such allegations would have been fatally defective, for the provision of the statute that, "The court or jury trying said attachment shall assess the damages sustained by the defendant by reason of such attachment," is mandatory.

While the question as to whether or not the statute under consideration was mandatory or directory was not the issue before the court in the case of *Holliday Bros.* v. *Cohen, supra,* the language of the court in commenting upon the proper practice to be followed under the statute as quoted above, indicates clearly that the court was of the opinion that the better practice would be to follow the statute as if its provisions were construed as being mandatory and not merely directory. We so hold now. See, also, *Rodgers* v. *Cades, supra.* The Legislature couched its enactment in terms that in their natural and ordinary signification are mandatory in meaning, and we can conceive of no good reason why the language should not be so construed. On the contrary from an economic viewpoint and to end litigation, it serves a wise and useful purpose to have the court or jury trying the issue of the attachment to assess the damages that may have accrued to the defendant by reason of its wrongful issuance.

The allegations of the complaint show that when the original cases, originating in the justice court, had reached the circuit court on appeal appellant moved to have the same consolidated and tried as one case. "The

effect of consolidating actions at law is to unite the causes as if the issues had been originally embraced in one action. The separate actions are discontinued and the consolidated action alone left. There can be no separate procedure in either of the actions consolidated, and the case is to be tried as if there had been an actual consolidation in the declaration, with one plea and a single issue.'' 8 Cyc. 606. The allegations, of the complaint show that the suit was for rent of land for a single year, amounting to the sum of $420. It appears from this that one suit should have been brought in the first place in the circuit court, and the conduct of the appellant in moving their consolidation in the circuit court was tantamount to saying that there was only one cause of action, which should have been embraced in one suit in the circuit court in the first instance, which he now treats as so brought. See *Lockridge Dry Goods Co.* v. *Daniels Transfer Co.,* 115 Ark. 423.

The judgment is in all things correct, and it is therefore affirmed.