PIERCE OIL CORPORATION *v.* CITY OF HOPE.

Opinion delivered January 1, 1917.

1. MUNICIPAL CORPORATIONS—EXERCISE OF POLICE POWER—REGULATION BY COURTS.—The exercise of the police power exercised by a municipal corporation under the authority of Kirby's Digest, § § 5438 and 5439, will not be disturbed by the courts, unless the corporation council has acted in an arbitrary and unreasonable manner.

2. MUNICIPAL CORPORATIONS—LOCATION OF GASOLINE STORAGE TANKS—POLICE POWER.—An ordinance prohibiting the keeping of gasoline, or any other of the products of petroleum, or any other inflammable or explosive oil, gas or substance, within 300 feet of any dwelling house, store room, or other like structure, within the corporate limits of the said city, in a quantity greater than sixty gallons at one time, with a proviso that underground tanks would be permitted to carry not

to exceed 600 gallons at one time, and providing penalties for violation, *held*, a valid exercise of the police power of the city under the authority of Kirby's Digest, § § 5438, 5439.

3. MUNICIPAL CORPORATIONS—EXERCISE OF POLICE POWER.—Every intendment is to be made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and it is not the province of the courts, except in clear cases to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people of the community.

Appeal from Hempstead Chancery Court; *James D. Shaver*, Chancellor; affirmed.

*Rose, Hemingway, Cantrell, Loughborough & Miles*, for appellant.

1. The ordinance evidences a wrongful exercise of the police power of the city. It is arbitrary, unnecessary and unreasonable and no authority for its enactment is conferred by law. It violates the 14th Amendment of Const. U. S. and the Constitution of Arkansas. While the ordinance is presumed to be legal until the contrary is shown, the contrary is alleged in the bill. No such authority is conferred by §§ 5438, 5439, 5461, Kirby's Digest. See 94 Ark. 27; 86 *Id.* 412; 195 U. S. 223; 77 Pac. 180; 16 Wall. 36; 164 U. S. 578; 169 *Id.* 366; 198 *Id.* 59; 107 Ark. 174; 237 U. S. 171; 113 Ark. 395; 82 Fed. 626; 82 Pac. 241; Dillon on Mun. Corp. 1061; 92 Ark. 546; 17 So. 343, etc.

*O. A. Graves*, for appellee.

1. Ample authority for the ordinance is found in Kirby's Digest, §§ 5438-9 and 5461. The presumption is in favor of its reasonableness. A reasonable discretion is also presumed to have been exercised. 169 U. S. 397; 64 N. E. 1110; 59 Am. Rep. 694; 237 U. S. 171. See also Ann. Cas. 1914 A. 130.

2. The demurrer was properly sustained. The ordinance is valid under the police powers of the city. There is only one point upon which evidence could be introduced and that is as to whether there is any danger. There is always danger of fire or explosion from a large tank of gasoline. 17 So. 343; 108 Am. St. 353, and note.

Our court has sustained such ordinances. 101 Ark. 223; 64 *Id.* 152. See also 105 Wisc. 651. Less hazardous businesses have been regulated by ordinance. 107 Ark. 174; 52 *Id.* 301; 98 *Id.* 543; 88 *Id.* 263.

SMITH, J. This is a suit in equity brought by appellant to enjoin the enforcement of an ordinance of the city of Hope, it being contended by appellant that the ordinance evidences a wrongful exercise of the police powers of that municipality. A general demurrer to the complaint was sustained, and this appeal questions the sufficiency of said complaint.

The material allegations of the complaint are as follows: That appellant is a business corporation engaged in selling gasoline and oil, and for a great many years has owned and used storage tanks in the town of Hope in connection with the sale of its products. That the tanks were once moved at the request of the town authorities and "their location was fixed to meet the wishes of the city officials and the people of the town generally." That the tanks are so constructed with dome vents for the escape of gas that an explosion is impossible and that in case of fire "the only combustion would be the gas which escaped from them and such fire would not be sufficient to spread to any buildings that are now in the neighborhood of or adjacent to the tanks," and that the presence of these tanks in no way endangers any other building or structures in the city of Hope, and that in transferring the products from the railroad cars to the tanks such products pass through valves and pipes and are never exposed. That said tanks are a necessary adjunct to the conduct of appellant's business in selling petroleum products in Hope and vicinity, and that appellant knows of no available location within the city of Hope at which tanks could be erected and oil stored without violating the terms of said ordinance, and if said ordinance is enforced appellant will be compelled to move its tanks at a cost of $800 and suffer a severe loss in the daily sale of its products as well as lose a most valuable lease which it

now has for a nominal sum. There was also an allegation that the ordinance was violative of the Constitution of this State and in contravention of the 14th Amendment to the Constitution of the United States, and that its enforcement would deprive it of its property without due process of law.

The ordinance so sought to be enjoined prohibited the keeping of gasoline or any of the other products of petroleum, or any other inflammable or explosive oil, gas or substance, within 300 feet of any dwelling house, store room, or other like structure, within the corporate limits of said city, in a quantity greater than 60 gallons at one time, with a proviso that underground tanks would be permitted to carry not to exceed 600 gallons at one time. The violation of the ordinance was made a misdemeanor, and a fine of not less than $25 nor more than $500 was prescribed for each violation of its provisions.

It is argued for the reversal of the decree below that the ordinance is arbitrary, unnecessary and unreasonable, and that no authority for its enactment has been conferred, or could be conferred, by the Legislature upon the councils of the cities and towns of the State. The allegation that the tanks were once moved at the request of the town authorities and "their location was fixed to meet the wishes of the city officials and the people of the town generally" is not clear as to the manner in which the town authorities made the request for the removal of the tanks. But, assuming even that it was done by ordinance, that fact would not estop the city from passing the ordinance here under consideration if the city otherwise has the power to do so. In the case of *Davenport* v. *City of Richmond*, 81 Va. 636, the Supreme Court of that State, held that an ordinance, requiring the removal of powder magazines from a city, is valid, although the city had sold the sites to the owners for the purpose of erecting such magazines. In this case it was said:

"However difficult it may be if it is possible at all, to exactly define the limits of that power (the police

power), there is no doubt that it extends to the protection of the lives, health, morals and safety of all persons in the community, and that it cannot, by contract or otherwise, be parted with by a municipal corporation to which it may be delegated."

In support of its decision that a municipal corporation cannot, by contract, abridge its legislative powers, the court quoted with approval from the case of *Presbyterian Church* v. *Mayor, etc. of New York,* 5 Cow. 538, the following statement of the law:

"The defendants are a corporation. * * * They are considered a person in law within the scope of their corporate powers and are subject to the same liabilities and entitled to the same remedies for the violation of contracts as natural persons. They are also clothed with legislative powers and, in the capacity of a local legislature, are particularly charged with the care of public morals and the public health within their own jurisdiction.

"In ascertaining their rights and liabilities as a corporation, or as an individual, we must not consider their legislative character. They had no power as a party to make a contract which should control or embarrass their legislative powers and duties. Their enactments in their legislative capacity are to have the same effect upon their individual acts as upon those of any other person or the public at large, and no other effect.

"The liability of the defendants, therefore, upon the covenant in question must be the same as if it had been entered into by an individual, and the effect of the by-laws upon it the same as if that by-law had been an Act of the State Legislature. It is expressly authorized by the Legislature, and whether it be their Act or the Act of the local Legislature makes no difference."

Section 5438 of Kirby's Digest confers authority upon municipal corporations "to prevent injury or annoyance within the limits of the corporation, from anything dangerous, offensive or unhealthy" and "to regulate the keeping and transportation of gunpowder,

dynamite, and other combustibles, and to provide or license magazines for the same."

Section 5439 gives power "to make regulations for the purpose of guarding against accidents by fire."

We think these sections afford authority for the ordinance in question.

(1-2)   It must be, and is, conceded that the action of the council in passing ordinances of this character is presumed to be legal until the contrary is made to appear, and while the action of the council is subject to judicial review, yet in so far as a discretion abides as to the manner and extent of the use of the power conferred by the statute, that discretion is to be exercised by the council to which the power is conferred, and not by the court which reviews its action, and the courts may set aside the action of the council only when they can say that the council has acted in an arbitrary or unreasonable manner.

It may be true that appellant has provided the facilities which, if properly and carefully used, will render their tanks harmless; but this is also probably true of any other explosive or inflammable substance. But it is a matter of which we may take judicial notice that disastrous explosions have occurred for which no satisfactory explanations have ever been offered. The unexpected happens. Some simple precaution was omitted. The city has the right to enact proper ordinances to control such contingencies.

In the case of *Standard Oil Co.* v. *City of Danville*, 64 N. E. 1110, the Supreme Court of Illinois sustained an ordinance of the city of Danville prohibiting the keeping of explosive oils within 1,000 feet of any dwelling, storeroom, etc., or other like structure, in a quantity greater than 5 barrels of 50 gallons each. It was contended there, as here, that the plant was harmless; that the houses within the prohibited distance had been erected after the plant itself had been erected, and that the ordinance was unreasonable and void. Disposing of these contentions the Supreme Court of Illinois said:

     "The fact that the greater number of residences, business houses, etc., now within 1,000 feet of the plant of the appellant company were built after the plant had been located at its present site, does not entitle the appellant company to insist that it has become vested with the right to continue to operate its plant and keep on storage the inflammable, explosive and offensive oils, liquids and substances specified in the ordinance. The health, safety and comfort of the people are the controlling considerations, and prescriptive rights to endanger either cannot be acquired. As the limits of the inhabitable parts of cities extend, establishments that endanger health, safety or comfort of the population of such extended portion of the city and become nuisances, may be required to be removed to other localities. *Laflin-Rand Powder Co.* v. *Tearney*, 131 Ill. 322, 23 N. E. 389, 7 L. R. A. 262, 19 Am. St. Rep. 34." See also *In re McIntosh*, 211 N. Y. 265, 105 N. E. 414.

     (3) Every intendment is to be made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and it is not the province of the courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people of the community. *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Dreyfus* v. *Boone*, 88 Ark. 360. And when this is done with the ordinance in question we are unable to pronounce it void, and the decree of the court below sustaining the demurrer is, therefore, affirmed.