Chapman & Dewey Land Company *v.* Osceola & Little River Road Improvement District No. 1.

## Opinion delivered January 8, 1917.

1. Local assessments—equitable relief.—The doctrine that equitable relief will not be given where the legal remedy is adequate, applies to complaints against local assessments.

2. Roads—organization of district—errors in assessments—remedy.—Where a road improvement district is organized under Act 338, Acts of 1915, property owners are by the act given the right to have any errors in the assessments of their property corrected in the law courts, which affords them a complete remedy at law and precludes a resort to chancery.

Appeal from Mississippi Chancery Court; *Chas. D. Frierson*, Chancellor; affirmed.

*Hughes & Hughes, Lamb & Rhodes*, and *Coleman, Lewis & Cunningham*, for appellants.

*A. F. Barham* and *J. T. Coston*, for appellees.

### STATEMENT BY THE COURT.

This is an appeal from a decree of the chancery court of Mississippi County, Osceola District, sustaining a demurrer and dismissing the complaint of appellants, which sought to enjoin the commissioners and other officers of the Osceola & Little River Road Improvement District No. 1 from taking any steps toward the construction of the improvement contemplated by the district. It is unnecessary to set out the complaint *in haec verba.*

The first paragraph sets up that the appellants are corporations having authority to sue, and that the appellees are a road improvement district, and its commissioners, officers and attorneys, and certain construction companies which claim to have entered into a contract with the commissioners of the district for the doing of certain work for the district.

The second paragraph sets up, among other things, that certain proceedings were had whereby the district was organized, and the purposes for which it was organized, setting up and describing in general terms the

character of the improvement for which the district was organized and its estimated cost, together with the assessment of benefits to be derived from the improvement as found by the county court.

The third paragraph sets up in detail the facts which it is alleged renders the making of the improvement as contemplated wholly impracticable.

The fourth paragraph alleged that the district is not only impracticable, but that the cost thereof would far exceed the benefits to the property owners of such district, and that in the assessment of benefits, and in attempting the improvements contemplated, the commissioners abused their authority, and for which the appellants alleged they had no adequate remedy at law.

The fifth paragraph alleged that the incorporated town of Osceola was included within the district, rendering the same null and void, and that the same was included for the purpose of enabling the commissioners to adopt a character of improvement that would cost more than three times 30 per cent. of the assessed value of the lands that would be benefited by the improvement; that this was done by conspiracy of the commissioners and promoters of the district in order that the town of Osceola might be benefited at the expense of the owners of real property situated in that part of the district lying outside of the town of Osceola; that, according to this conspiracy and illegal arrangement, the country property in the district was required to pay fifteen times as much in proportion as the city property.

The sixth paragraph sets up that the commissioners had made, or were about to make contracts with certain of the appellees, construction companies, for work and material contemplated by the improvement far in excess of thirty per cent. of the total assessed value of the real property in the district, and therefore, far in excess of the legal limit of the indebtedness which the district, under the law, could incur.

The seventh and eighth paragraphs set up the manner in which the assessors of the district made the assessment of benefits for the district as a whole, setting out

the manner in which they assessed the benefits on certain corporations owning lands in the district, and alleging that the manner of assessing benefits as therein set forth destroyed arbitrarily the just proportionment of the benefits throughout the district and arbitrarily placed upon certain lands in the district an unjust and undue proportion of the cost of the improvement.

The ninth paragraph set up that the arbitrary and excessive assessment of benefits was so entirely out of proportion to the benefits to be received from the improvement and so discriminatory and confiscatory that it amounted to the taking of private property for public use without compensation and depriving the owners of their property without due process of law.

The tenth paragraph alleged that the commissioners had entered into a contract with certain attorneys, agreeing to pay them three per cent. of a bond issue of $300,000, and a contract with certain engineers, agreeing to pay them 5 per cent. of such amount; that the commissioners borrowed the sum of $15,000 from certain of the appellees and paid over $8,000 of that sum to the attorneys and $7,000 to the engineers before any of the work contemplated by the improvement district had been done; that these sums were grossly in excess of the reasonable value of the services to be performed, and that the contracts thus made exceeded the authority of the commissioners; that the attorneys and engineers, who were made defendants, should be required to refund the excess already received by them, and the commissioners should be restrained from making further payments to the attorneys or engineers under the alleged contract.

The eleventh paragraph set up that the commissioners entered into a contract with certain parties, who are made defendants, by which they agreed to sell them the entire bond issue of the district, amounting to $300,-000; that the money for the bonds was not to be received by the district upon the delivery of the bonds, but was to be paid from time to time in small sums as the work progressed; that though the bonds were nom-

inally sold at par, and bear interest at the rate of 6 per cent., the purchasers were to enjoy the use of the money, except the amount of the small payments to be made in the manner alleged; that the commissioner borrowed the sum of $15,000 from those who were to purchase the bonds, which amount they distributed to the attorneys and engineers as alleged in the preceding paragraph.

The twelfth paragraph set up that certain corporations, construction companies, naming them, claimed to have contracts with the commissioners for the performance of certain work for the district, and designating the amounts of these contracts.

The thirteenth paragraph alleged that the commissioners were threatening to carry out the contracts and to issue and deliver bonds to those who had agreed to purchase the same, and that they were threatening to dissipate the proceeds that might be derived from a sale of the bonds, and the other funds of the district in the construction of the improvement, from which the land owners would derive no benefit, and that such improvement would constitute a cloud on their title. They alleged that they would suffer irreparable injury by reason of the facts complained of, and that they had no adequate remedy at law.

The prayer was for an injunction against the commissioners and other defendants named in the complaint, to be enjoined from further, other and all proceedings looking to the completion of the improvement in the manner alleged, in the preceding paragraphs of the complaint, and for the cancellation of the contracts with the attorneys and engineers and further payment of any sums of money to them; and praying that a master be appointed to take an account showing the value of their services and that these parties be required to refund any excess over the amounts ascertained by the master to be due them. And there was a prayer also for general relief.

The appellees demurred to the complaint on the grounds: (1) that the action was premature; (2) that

the plaintiffs had a full, complete and adequate remedy at law; and (3), that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained on the ground that the chancery court had no jurisdiction.

WOOD, J., (after stating the facts). Counsel for appellants state in their abstract that this appeal "is from a decree sustaining a demurrer to the complaint, which assailed the validity of the organization of the Osceola & Little River Road Improvement District No. 1." And in their brief they contend that the organization of the district was invalid under the decision of this court in *Lamberson* v. *Collins*, 123 Ark. 205. In that case we held that a judgment establishing a certain road improvement district was void because the provisions of Act 338 of the Acts of 1915, requiring, among other things, the furnishing by the State Highway Engineer of preliminary surveys, plans, specifications and estimates of the road to be constructed and improved within the district proposed, were not complied with.

The complaint under review does not challenge the validity of the organization of the district, and no facts are alleged therein to show that the judgment of the county court establishing the district is void. The judgment sustaining the demurrer and dismissing the complaint was grounded upon the allegations of the complaint and we can only look to the complaint for a statement of facts that would render the organization of the district under consideration invalid.

Section 3 of Act 338 of the Acts of 1915 provides: "The order of the county court establishing a road improvement district shall have the force and effect of a judgment, and shall be deemed conclusive, final and binding upon all territory embraced in said district, and shall not be subject to collateral attack, but only to direct attack, on appeal."

In the absence of allegations of fact in the complaint showing that the record of the county court does

not state facts essential to its jurisdiction, or that the organization of the district was invalid, we must hold that under the above and other sections of the statute, the appellants had a complete and adequate remedy at law for all the grievances set forth in their complaint. Act 338, Acts 1915, pp. 1414-1418. Equitable relief is not given where there is an adequate remedy at law. This doctrine applies to local assessments. A right to sue an official who has collected an invalid tax is an adequate remedy at law. Act 338 gives property owners the right to have any errors in the assessments of their property corrected in law courts. This right affords them a complete remedy at law which precludes a resort to chancery. 2 Page & Jones, Taxation by Assessment, sections 1411-12-13-14, and cases cited in note.

The decree is in all things correct and it is affirmed.