ROBINSON *v.* EVANS.

Opinion delivered December 10, 1917.

1. JUSTICES OF THE PEACE—JURISDICTION—TEST AS TO AMOUNT.—The test of jurisdiction of a justice is not the amount of damages as shown by the proof, but the amount claimed in the complaint.

2. APPEAL FROM JUSTICE COURT—JURISDICTION OF CIRCUIT COURT.—Where the justice court had no jurisdiction in the first instance, the circuit court, on appeal, has none.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; reversed and dismissed.

*C. T. Bloodworth,* for appellant.

1. Argues the merits of the cause, contending that the court erred in its instructions to the jury given and refused, citing 3 R. C. L. 109, 6 C. J. 1115; 31 Ark. 518; 36 Ala. 449; 3 Ann. Cas. 468, and note; 12 *Id.* 692, and note.

2. The complaint was amended so as to bring the case within the jurisdiction of the justice.

*F. G. Taylor* and *G. B. Oliver,* for appellee.

1. The court had no jurisdiction. Art. 7, § 40, Const. The damages claimed furnishes the criterion. 44 Ark. 100; 45 *Id.* 346; 47 *Id.* 59; 48 *Id.* 293; 66 *Id.* 347. The case should be dismissed.

SMITH, J.   This action was begun in the court of a justice of the peace to recover damages claimed to be due appellant, who was the plaintiff below, for the death of a horse owned by him.   The suit was originally brought, according to the entry of the justice of the peace on his docket, for $136, which included the value of the horse and the price of his hire.   It was discovered that the hire of the horse had been paid and the transcript made by the justice of the peace shows the following entry on the justice docket: ''2d day of June, 1916; complaint changed in this case, and trial set for June 12, 1916.  Continued by agreement of attorneys on both sides until June 24, 1916.''

A trial was had before a jury in the justice court and a verdict returned for.the plaintiff in the sum of $40.   An appeal was duly prosecuted to the circuit court, where, upon a trial anew, a verdict was returned in favor of the defendant, and the plaintiff has duly prosecuted this appeal.   He says error was committed by the court in giving and in refusing instructions, and asks a reversal on that account.   On the other hand, appellee insists the cause should be dismissed because the suit was brought for a sum exceeding the jurisdiction of a justice of the peace.   Appellant concedes that the sum originally sued for exceeded the jurisdiction of the justice of the peace; but he says that all the proof shows that the value of the horse was less than $100, and that he asked judgment only for its value, and he says, also, that the record showed an amendment of his complaint and a continuance by consent and that thereafter this was, in effect, a new suit and should be treated as such.

If the correctness of this position be conceded, it does not follow that the justice of the peace had jurisdiction of the cause of action.   The test of jurisdiction is not the amount of damages as shown by the proof, but the amount claimed in the complaint.   *Thompson* v. *Willard,* 66 Ark. 347.   It affirmatively appears from the record in this case that a sum was sued for in excess of the justice's jurisdiction, and while it does appear that the complaint was amended, it does not appear in what respect it was

amended.  The question involved is one of jurisdiction, and we can not assume, in view of the facts stated above, that the complaint was so amended as to pray judgment for a sum within the jurisdiction of the justice of the peace.  It does not appear that this question was raised in the court below; but it was not essential that it should be, as it is a question of jurisdiction, which may be raised in this court for the first time.  The jurisdiction of the circuit court depends upon that of the justice of the peace, and as that court had no jurisdiction, the circuit court acquired none on appeal, and the cause will be dismissed here.  It is so ordered.