## SONSEE *v.* JONES & GREEN.

### Opinion delivered February 12, 1923.

1. ATTACHMENT—WRONGFUL ISSUANCE—COMPENSATORY DAMAGES.—Compensatory damages arising from the loss of or injury to attached property are recoverable by the defendant only in the action in which the attachment was dissolved.

2. ATTACHMENT—DAMAGES FOR MALICIOUS PROSECUTION.—Damages arising from the malicious prosecution of an attachment or on account of injury to credit or loss of prospective profits are not recoverable in the attachment suit on the dissolution of the attachment, but must be recovered, if at all, in a separate action.

3. ATTACHMENT—MEASURE OF DAMAGES.—The measure of damages for the wrongful detention or loss of attached property is the usable value of the property during detention or its market value at th time of its loss.

4. MALICIOUS PROSECUTION—COMPLAINT.—A complaint for malicious prosecution which does not show that the suit was instituted or the writ of attachment was issued without probable cause does not state facts sufficient to state a cause of action.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*E. F. Duncan,* for appellant.

Unlawful imprisonment is an actionable wrong. 70 Ark. 136. The questions of wrongful attachment, false arrest, restraint and detention of plaintiff were not in issue in the former trial, and the plea of *res judicata* should not have been sustained. 41 Ark. 75. The justice of the peace was without jurisdiction to try this cause, for the amount involved exceeded $300; neither did he have jurisdiction in a case of false imprisonment. See 61 Ark. 33; 44 Ark. 377; 29 Ark. 455; 21 Ark. 573. Damages for injury to credit and loss of prospective profits in business are not recoverable in an action on the attachment bond nor in the attachment suit, but must be by a separate action. 34 Ark. 707. Where such profits are ascertainable, they are recoverable. 113 Ark. 556.

*Smith & Gibson,* for appellee.

All damages recoverable by appellant in this suit were awarded him in the former suit, and that suit is a bar to this one. 134 Ark. 571; 217 S. W. 478; 218 S. W. 189; 136 Ark. 115.

McCulloch, C. J. · This is an action to recover damages alleged to have been sustained on account of the wrongful issuance and levy of a writ of attachment. It is against Jones & Green, a copartnership, which was the the plaintiff in the original action, and against the constable who levied the attachment, and the sureties on his official bond.

· It was alleged in the complaint that the plaintiff was a resident of Lawrence County, Arkansas, and was the owner of four horses, a wagon and harness, and some household goods, all of the value of $185, and that, while he was removing from Lawrence County to Jackson County, for the purpose of farming, the defendant, Jones & Green, sued him before a justice of the peace in Lawrence County, and sued out a writ of attachment and caused the same to be levied on the aforedescribed property of the plaintiff. He alleged in his complaint that his said property was seized by the constable, and that he was arrested under the writ, that he and his property were taken into custody, and that the property was sold to pay the debt of Jones & Green, plaintiffs in that action.

· It was further stated in the complaint that "by reason of the taking of this property, as aforesaid, the plaintiff was rendered unable to go·to Jackson County and make said crop, or to make any crop in 1920, and from moving to Jackson County, that plaintiff was also deprived of his legal and constitutional rights as a citizen of Arkansas, and restrained in his liberty and in his person, to his actual damage in the sum of $1,000, and to his good name and reputation in the sum of $1,000 punitive damages."

The court sustained a demurrer to that part of the complaint which claimed compensatory damages,

The defendant answered, and, among other things, pleaded, as a former adjudication of the issues involved, the judgment of the circuit court of Lawrence County, on appeal from the justice of the peace, dissolving the attachment in the case of Jones & Green against the plaintiff in this action and ordering the return of the proceeds of the attached property to the plaintiff. On the trial of the issue, the court sustained the plea of *res judicata,* and judgment was accordingly rendered against the plaintiff.

The court was correct in sustaining the demurrer. Compensatory damages arising from the loss of, or injury to, the attached property were recoverable only in the original action in which the attachment was dissolved. *Davidson* v. *Mayhue,* 120 Ark. 344.

Damages arising from malicious prosecution, or on account of injury to credit and loss of prospective profits, were not recoverable in the original action, and must be recovered, if at all, in a separate action. *Holliday Bros.* v. *Cohen,* 34 Ark. 707; *Goodbar* v. *Lindsley,* 51 Ark. 380.

The loss of profits set forth in the complaint was too remote to be recovered, as the measure of damages for the detention or loss of the attached property was the usable value of the property during detention or the market value at the time of its loss.

The complaint does not state facts sufficient to constitute a cause of action for malicious prosecution, as it does not show that the suit was instituted, or that the writ of attachment was issued, without probable cause.

It is unnecessary to determine whether or not the allegations were sufficient to constitute a cause of action for false imprisonment, since there was a trial of that issue so far as it related to the recovery of punitive damages, and there was no proof adduced tending to show that the plaintiff was arrested and taken into custody. The testimony is directed only to the fact that his property was seized and taken away from him under the writ.

On the trial of the cause the court found that the plaintiff was barred by the judgment in the original action from recovering compensatory damages in a separate action, and this was correct. As there was no evidence of false imprisonment, there could be no recovery on that account.

Finding no error in the record, the judgment is affirmed.