## HUDSON *v.* SIMONSON.

### Opinion delivered February 1, 1926.

1. INJUNCTION—ADEQUACY OF LEGAL REMEDY.—An injunction will
   not lie to restrain proceedings in the assessment of benefits where
   there is an adequate remedy provided by the statute.

2. DRAINS—INEQUITABLE ASSESSMENT—REMEDY.—Under Crawford
   & Moses' Dig., § 3625, providing that if, by reason of any change
   in the plans of a drainage district, any property owner deems
   that the assessment on his property has become inequitable, he
   may petition the county court for a reassessment, *held* that the
   remedy provided excludes a right to resort to equity, in the
   absence of fraud, unavoidable casualty or other ground for equit-
   able interference.

3. PLEADING—EFFECT OF DEMURRER.—A demurrer admits only those
   facts which are well pleaded.

4. DRAINS—RELIEF IN EQUITY AGAINST ASSESSMENTS.—Equity will
   not interfere by injunction against the commissioners of a drain-
   age district, upon an allegation that plaintiffs believe that the
   commissioners do not intend to build certain laterals to the main
   ditch, for the construction of which plaintiffs' land has been
   assessed, where no facts are alleged upon which their belief is
   based.

Appeal from Mississippi Chancery Court, Osceola District; *J. M. Futrell,* Chancellor; affirmed.

T. F. Hudson and D. F. Taylor, landowners in Subdistrict No. 3 of Grassy Lake & Tyronza Drainage District No. 9 of Mississippi County, Arkansas, brought this suit in equity against R. C. Rose, S. E. Simonson and Wilson Burchfield, as commissioners of said subdistrict to enjoin them from issuing bonds, and from carrying out any contract for construction work in said subdistrict.

The prayer of the complaint also was that the organization of said subdistrict be declared null and void; but if the court should find otherwise, that a mandatory injunction be issued to compel the commissioners to advertise and let the contracts for certain laterals which were excluded from the plans for construction work in said subdistrict.

According to the allegations of the complaint, on the 24th day of September, 1925, the assessment of benefits in said subdistrict by the commissioners was approved by the county court, including a heavy assessment of benefits on the lands of the plaintiffs. The same order of the county court which confirmed said assessments of benefits also modified the plans for construction work in said subdistrict so as to exclude a large number of laterals east of the Frisco Railroad and north of the town of Luxora.

On account of the exclusions of these laterals the county court reduced the assessments of benefits upon the lands affected by said laterals, in various sums ranging from forty to sixty per cent. thereof. Subsequently certain landowners in said subdistrict filed a petition for a writ of certiorari in the circuit court quashing the order of the county court excluding said laterals and approving the assessments of benefits. On the 21st day of November, 1925, the circuit court rendered a judgment quashing the order of the county court in so far as it modified the plans and excluded said laterals, and over-

ruled said petition in so far as it attempted to have the assessments of benefits quashed. The assessments of benefits on the lands of the plaintiffs were not reduced, although they were directly affected and damaged by the exclusion of said laterals from the plans for construction work in said subdistrict. On account of the reduction of the assessments of benefits on several thousand acres of land in the vicinity of the laterals excluded by the county court, the burden was greatly increased on the lands of all other property owners. The judgment of the circuit court quashing the order of the county court in so far as it excluded said laterals from the construction work in said subdistrict reinstated said laterals as a part of the construction plans in said subdistrict.

On the 18th day of November, 1925, the commissioners of said subdistrict made a contract for the sale of bonds, and also entered into contract for the construction of all laterals in said subdistrict except the laterals excluded by the county court and reinstated by the circuit court. The plaintiffs further allege that the defendants did not intend to let any contracts for the construction of said laterals.

The defendant filed a demurrer to the complaint, which was sustained by the chancery court. The chancellor was of the opinion that the remedy of the plaintiffs is at law, if the commissioners should refuse to carry out the plans of the subdistrict. It was decreed that the complaint be dismissed for want of equity, and the case is here on appeal.

*Gladish & Taylor,* for appellant.

*J. T. Coston,* for appellee.

HART, J., (after stating the facts). The Legislature has provided for the assessment of benefits upon the land in drainage districts, and the power of determining these benefits is vested in the commissioners. The statute also provides the remedy for the landowners in cases of unequal, irregular or illegal assessments.

Under § 3613 of Crawford & Moses' Digest the commissioners are made the assessors of benefits and damages. Under § 3615 it is their duty to deposit the assessment with the county clerk, where it shall be kept and preserved as a public record. The section provides that the county clerk shall give notice of the filing of the assessment by publication two weeks in some weekly newspaper in the county or counties in which the lands of the district may lie. The section further gives the landowners a remedy to complain to the county court and the right to an appeal from the order of the county court in the premises.

Under § 3625 the commissioners are given the power to alter the plans of the ditches and drains. It also provided that if, by reason of such change of plans, any property owner deems that the assessment on any property has become inequitable, he may petition the county court for a reassessment in the manner provided in the section. The section also gives the property owners the same right of appeal that is provided for in the case of the original assessment.

It is well settled in this State that an injunction will not lie to restrain proceedings in the assessment of benefits where there is an adequate remedy provided by the statute. In such case the statutory remedy must be followed. *Chapman & Dewey L. Co.* v. *Road Imp. Dist.* 127 Ark. 318; *McCord* v. *Welch,* 147 Ark. 362; *House* v. *Road Imp. Dist. No. 2,* 158 Ark. 330; *Road Imp. Dists. 1, 2 and 3* v. *Crary,* 151 Ark. 484; and *Wimberly* v. *Road Imp. Dist. No. 7,* 161 Ark. 79.

Thus it will be seen that the plaintiffs had an adequate remedy under the statute to correct any inequalities or illegalities in the assessment under the change of plans, and under the authorities cited the statutory remedy is exclusive, unless some well-known ground of equitable interference is alleged. In this connection it may be stated that there is no allegation in the bill of facts which shows that the plaintiffs, by reason of fraud, un-

avoidable casualty, or any other ground calling for equitable interference, were prevented from pursuing the remedy provided by the statute in case of illegal or unequal assessments.

It is contended, however, that the chancery court has jurisdiction under the allegation that the plaintiffs are informed and believe that the defendants do not intend to let any contract for the construction of said laterals in compliance with the judgment of the circuit court.

This court will not inquire whether or not the commissioners will fail to discharge their duties upon such a vague and indefinite allegation. No facts are set up upon which they base their belief that the commissioners will not discharge their duty. Their pleadings is a mere conclusion on their part, which is not a ground of demurrer. A demurrer admits only those facts which are well pleaded. *House* v. *Road Imp. Dist. No. 2,* 158 Ark. 330. So long as the commissioners keep within the limits of the powers conferred upon them by the statute under which they act, and they are guilty of no corrupt or fraudulent conduct in the discharge of their official duties, the courts have no power to control their action by mandatory injunction. If courts of equity could interfere upon such a vague and indefinite allegation as the one in question, it is difficult to perceive at what point they would stop, or what would prevent their taking upon themselves the whole administrative power of the commissioners. Such a practice would open the door to much useless litigation.

We are of the opinion that the plaintiffs were not entitled to the relief sought under the allegations of their complaint, and that the chancery court committed no error in sustaining a demurrer to it.

The decree will therefore be affirmed.