TEXARKANA SPECIAL SCHOOL DISTRICT *v.* RITCHIE GROCER COMPANY.

Opinion delivered May 18, 1931.

*Willis B. Smith* and *Pratt P. Bacon,* for appellant.

*Jones & Jones,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the order erroneously refunding the taxes to appellee was void as having been made by the county judge and not the court, and that the demurrer admits the allegations of the complaint showing such fact, and that the court therefore erred in sustaining the demurrer.

It is true the complaint alleges that the order was made on a certain day, "which was neither an adjourned nor regular term of the county court of Miller County, Arkansas, the county judge, pretending to be sitting as a court, made a void order and judgment, etc." to refund to appellee the sum claimed, taxes paid on the alleged erroneous assessment. It is also true that the allegation is that the order was made on a day, which was neither an adjourned or regular term of the court and that the county judge, "pretending to be sitting as a court, made a void order, etc.", but no fact is stated showing the order to have been void, and the allegation is that "the county judge, pretending to be sitting as a court," made such void order. This is but a legal conclusion not admitted to be true by the demurrer, which does not admit that the county judge made the order on a day or at a time when the court was not in session. A demurrer admits only those facts, which are well pleaded; and in determining whether a demurrer to a complaint should be sustained, every allegation made therein together with every inference, which is reasonably deducible therefrom, must be considered. *Hudson* v. *Simonson,* 170 Ark. 243, 279 S. W. 780; *House* v. *Road Imp. Dist.,* 158 Ark. 330, 251 S. W. 12; *Pierce Oil Corp.* v. *Hope,* 127 Ark. 38, 191 S. W. 405, S. C. 248 U. S. 498, 39 S. Ct. 172; *Brown* v. *Arkansas Central Power Co.,* 174 Ark. 177, 294 S. W.

709; *Moore* v. *North College Avenue Imp. Dist.,* 161 Ark. 323, 256 S. W. 70.

The court did not err in sustaining the demurrer, and the judgment must be affirmed. It is so ordered.