SMYRNA BAPTIST CHURCH *v.* BURBRIDGE.

4-6925                                         167 S. W. 2d 501

Opinion delivered January 18, 1943.

*R. H. Peach* and *J. R. Wilson,* for appellant.

*Aubert Martin,* for appellee.

HOLT, J.    Appellants, Smyrna Baptist Church, by its trustees, and the Johnsville Lumber Company, a partnership composed of C. L. Ripley and Rufus Brown, sued appellee in the Bradley chancery court to recover damages growing out of an attachment proceeding.

They alleged in their complaint and amendment thereto, among other things, that the church had owned since 1859 a tract of land in Bradley county described

as the "west half of the northeast quarter of the northeast quarter of section 22, township 15 south, range 9 west, containing 20 acres," which it has used for church and cemetery purposes till the present time; and that there is valuable timber growing on this property. It is further alleged that the church, in order to procure lumber to make improvements on the property, contracted with appellant lumber company, to cut some of the timber and convert it into lumber, in consideration for which the lumber company was to have one-half of the lumber thus produced.

It was further alleged that appellee, Burbridge, claimed title to the twenty acre tract of land in question by virtue of a purported tax deed from the state issued to him in 1909.

Appellants also alleged that appellee's purported tax title was void for a number of reasons and that he had no interest in the property, but that appellee had "had the logs that were cut from the church land and the lumber subsequently made therefrom attached and sold under a proceeding issuing out of the court of T. B. Harvey, a justice of the peace, within and for Bradley county, Arkansas; that an appeal was taken from the judgment and order of the court of the said T. B. Harvey, justice of the peace, and was subsequently dismissed in the Bradley circuit court for want of jurisdiction in the justice of the peace to try title to lands and timber, as the title was vested in the Smyrna Baptist Church and that fact was specifically pleaded."

There was a prayer for damages resulting from the alleged wrongful attachment and that title to the property be quieted in the Smyrna Baptist Church.

Appellee filed a demurrer in which he alleged that the complaint, and amendment thereto, did not state facts sufficient to constitute a cause of action. Upon a hearing the court below overruled the demurrer as to the title of the Smyrna Baptist Church to the property, but sustained the demurrer on the question of appellant's right to damages growing out of the attachment proceedings. This appeal followed.

110

It was the contention of appellants below, and they earnestly insist here, that the court erred in sustaining appellee's demurrer on the question of their right to bring the instant suit for damages, and it is our view that they are correct in this contention.

Appellee argues that since appellant, Smyrna Baptist Church, by its intervention in the attachment proceedings before the justice of the peace, thereby became a party defendant in that suit along with the appellant lumber company, that under the provisions of § 571 of Pope's Digest, it was mandatory that any claims of appellants for damages growing out of the wrongful attachment of the lumber in question, be settled in that suit, and in support of this contention he relies strongly upon the case of *Davidson* v. *Mayhue,* 120 Ark. 344, 179 S. W. 371. We think, however, that this case does not control here.

Under the allegations of appellants in their complaint and amendment, *supra,* which when well pleaded, must, on demurrer, be taken as true (*Texarkana Special School Dist.* v. *Ritchie Grocer Co.,* 183 Ark. 881, 39 S. W. 2d 289) the justice of the peace clearly was without jurisdiction to try the cause before it for the reason that title to real property was involved. The Circuit Court correctly dismissed the cause, on appeal, for the reason that the justice of the peace was without jurisdiction and, therefore, the circuit court acquired none on appeal.

In *Robinson* v. *Evans,* 131 Ark. 464, 199 S. W. 369, this court held (quoting headnote 2) "where the justice court had no jurisdiction in the first instance the circuit court on appeal has none."

Section 571, *supra,* upon which appellee relies, is as follows: "In all actions of attachment in which the defendant shall recover judgment for the discharge of the attachment the court or jury trying attachment shall assess the damages sustained by the defendant by reason of such attachment, and the court shall render judgment against the plaintiff and his sureties on the attachment bond for the amount of such damages and cost of the attachment."

If the justice of the peace had had jurisdiction to try the issues presented there, it would then have been necessary, in the event it were determined that the defendant should be discharged from the attachment, to determine any damages suffered by the defendant "by reason of such attachment," but, as we have noted, there were no issues determined in the justice court for lack of jurisdiction, and none determined on appeal to the circuit court.

For the error indicated, the decree is reversed and the cause remanded with directions to overrule the demurrer and to proceed in conformity with this opinion.