NORTH LITTLE ROCK *v.* ROSE.

Opinion delivered October 14, 1918.

1. MUNICIPAL CORPORATIONS—ORDINANCES — VALIDITY. — Where the Legislature in terms has conferred upon a municipal corporation power to pass ordinances of a specified and defined character, and the power thus delegated is not in conflict with the Constitution, an ordinance passed in pursuance thereof can not be set aside by the courts as unreasonable; but where the power to legislate on a given subject is conferred, and the mode of its exercise is not prescribed, the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be presumed invalid.

2. MUNICIPAL CORPORATIONS—REGULATION OF MOVING PICTURE THEATERS.—Under Kirby's Dig., § § 5438 and 5454, authorizing municipalities to regulate shows, and § § 5439, 5461, authorizing them to adopt regulations against injuries by fires, and § 5468, granting to cities of the first class power to prevent or regulate the carrying on of any trade, business or vocation of a tendency dangerous to morals, health or safety, a city council is authorized to enact the necessary ordinances for the regulation and supervision of moving picture theaters, but the mode of exercise of such power is not prescribed.

3. MUNICIPAL CORPORATIONS — ORDINANCES—REASONABLENESS.—The right of a city council to exercise any discretion vested in it will not be disturbed if the ordinance is not arbitrary and is reasonably adapted to accomplish the purpose sought to be attained.

4. MUNICIPAL CORPORATIONS—ORDINANCES—PRESUMPTIONS.—There is a presumption in favor of a municipal ordinance which must be overcome by one who attacks it.

5. MUNICIPAL CORPORATIONS—ORDINANCES—REASONABLENESS.—While the courts will not inquire into whether the motive of a city council in passing an ordinance regulating moving picture theaters was to give to one a monopoly of the business, they may, in passing upon its reasonableness, consider what its effect will be when given practical application.

6.  MUNICIPAL CORPORATIONS—REGULATION OF THEATERS.—Theaters are proper subjects for police regulation, and an ordinance regulating the construction of moving picture theaters alone is not void because it does not apply to other theaters or places of amusement.

7.  MUNICIPAL CORPORATIONS—ORDINANCE—REASONABLENESS.—An ordinance regulating the construction of moving picture theaters which, though it provides that it shall be unlawful to operate a moving picture show or theater in any building except one of approved fire-proof construction, yet provides specifications for a building not necessarily fire-proof, and which in effect gave one theater a monopoly of the moving picture business on account of the prohibitory cost to a rival theater of making certain required changes, is as to the latter unreasonable, unfair and oppressive.

8.  MUNICIPAL C O R P O R A T I O N S—ORDINANCES—REASONABLENESS.— Though an ordinance is not inherently unfair, unreasonable or oppressive, one who attacks it as unreasonable may show that as applied to him it is unreasonable, unfair and oppressive.

Appeal from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; affirmed.

*Hal Norwood, R. E. Wiley* and *J. F. Wills,* for appellant.

1.  The subject-matter of the ordinance is within the terms of the powers delegated to cities by statute.  Kirby's Digest, § § 5438, 554, 5439, 5461, 5468.

2.  The ordinance is not unreasonable and arbitrary. It is an exercise of explicit power reposed in cities by statute to promote the public safety.  127 Ark. 38, 43-4; 101 *Id.* 223; note to Ann. Cas. 1916 B, 502.  Operating moving pictures involves a constant threat against public safety, that of fire and panic. 128 Md. 129; 97 Atl. 227; 117 Md. 373; Ann. Cas. 1913 E, 1300; 144 N. W. 835.  See also 218 N. Y. 212; 112 N. E. 717; 146 N. Y. 341; 2 Dillon, Mun. Corp. (5 ed.), § 677; 67 Ark. 424; 239 U. S. 394.

3.  The ordinance is general, bearing on all alike situated.  Such precautions are uniformly upheld.  127 Ark. 38; 117 Md. 373; 144 N. W. 835; 119 Pac. 953; 28 Cyc. 741.  The choice of means is for the legislative body, not the courts.  197 U. S. 11; 216 *Id.* 358.  It is not discriminatory.  113 *Id.* 703.

4. The fact that appellees will suffer some injury does not make the ordinance unreasonable. 35 Ark. 357; 18 *Id.* 252; 239 U. S. 394; 216 *Id.* 358; 127 Ark. 38; 123 *Id.* 285; 107 *Id.* 174; 2 Dillon, Mun. Corp. (5 ed.), § 665.

5. The ordinance was not intended to create a monopoly in favor of any picture show. But the motives inducing legislation can not be inquired into. 113 U. S. 27; 113 *Id.* 1145; 88 Ark. 263; note to Ann. Cas. 1912 A, 716, and 1917 B, 834; 143 Mich. 104; Ann. Cas. 1917 B, 833. See also 101 Ark. 223-7. The ordinance is valid.

*Rose, Hemingway, Cantrell & Loughborough,* for appellees.

1. The ordinance is unreasonable, arbitrary and oppressive and therefore void. 2 Dillon on Mun. Corp. (5 ed.), § § 589, 590-1-2-3-6; 3 Ark. 110-115.

2. It was not passed under express authority and is unreasonable. 2 Dillon on Mun. Corp., § 600; 93 Ill. 381; 172 S. W. 581; 132 *Id.* 184-6; 146 Pac. 950-4; 133 *Id.* 754.

3. The motives of the council can be inquired into. 2 Dillon on Mun. Corp., § 580; 96 S. W. 201-5; 195 U. S. 223; 118 *Id.* 356; Horr & Bemis on Mun. Ord., § 127; 151 Fed. 879, 882, 892; 107 Mo. 198, 203; 28 N. E. 812, 814; 18 Oh. St. 262.

4. The ordinance discriminates between picture shows and other places for public exhibition. Cases *supra;* 43 Ark. 42.

SMITH, J. On December 13, 1917, appellee, Geo. B. Rose, filed a complaint in the Pulaski Chancery Court, which contained substantially the following allegations: That he owned No. 221 Main street, in North Little Rock, formerly known as Argenta; that the building there located had been rented for mercantile purposes, but a room thereof was afterwards used as a moving picture show, and that in making the alterations to adapt the room to this new purpose ,the sum of $1,500 had been expended. The principal item represented by this sum was the in-

stallation of a fire-proof steel room for the use of the operator of the moving picture machine in giving the exhibitions. This room was shown to be not only fire-proof itself, but to be so constructed that fire could not be communicated from it to other portions of the building in case any explosion might occur in this fire-proof room. The moving picture lessee failed, and the room became vacant, and during this vacancy the council passed the following ordinance:

"Ordinance No. 396.

"An ordinance regulating the operation of moving picture shows or theaters within the city of Argenta, Arkansas.

"Be it ordained by the city council of the city of Argenta:

"Section 1. That it shall be unlawful to operate any moving picture show or theater within the city of Argenta, in any building except one of approved fire-proof construction. Such show room or theater shall have concrete floors and reinforced concrete ceiling or suspended metal lath and plastered ceiling suspended from the concrete slab. The walls of said building shall be standard brick walls or walls constructed of vitrified tile, gypsum block or similar noncombustible material.

"Section 2. Every building or room used for a picture show or theater shall be provided with front and rear exit doors to provide ready means of exit for the patrons of said show, and said exit doors shall open outward or be double-acting doors, opening both outward and inward. No such exit doors shall be fastened or obstructed in any manner so as to interfere with the opening of the same from inside during the progress of a performance, or while any spectators or patrons are in said building or room.

"Sec. 3. The operating room or booth containing the moving picture machine shall be of approved or standard fire-proof construction and arrangement. Said operating room or booth shall have a sufficient opening for ventilation, which must be vented by metal pipe for ex-

hausting the hot air and gases generated in operating the machine, which conductor, pipe or ventilation pipe shall lead to outside of building for conducting hot air and gases outside of said building.

"Sec. 4. Any moving picture show or theater operating in violation of this ordinance shall be subject to closure by the chief of police, and, in addition thereto, any owners, proprietor or lessee of any such show or theater violating any of the provisions of this ordinance shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than $10 nor more than $100, and each day during which this ordinance is violated shall constitute a separate offense. Passed May 8, 1916."

After the location of the army post near North Little Rock, a demand arose for moving picture theaters, but appellee's building did not conform to the requirements of section 1 in certain particulars, and its use for that purpose became unlawful under the terms of the ordinance. The room conformed to sections 2 and 3 of the ordinance, but did not conform to section 1, in that it did not have concrete floors and reinforced concrete ceiling, or suspended metal lath and plastered ceiling suspended from the concrete slab, and it was alleged that to make the room conform to the ordinance in the particulars stated would involve an expenditure of a sum of money so large as to make the cost confiscatory and prohibitive.

It was alleged that the ordinance had been passed for the purpose of giving a monopoly of the moving picture business to one Rosenbaum, who owned a moving picture theater in North Little Rock, and whose building conformed to the requirements of the ordinance in the particulars in which appellee's failed, and that the ordinance was unreasonable and arbitrary, and an injunction was prayed against the enforcement of its penalties.

The answer contained a general denial of these allegations, and alleged that the ordinance had been passed pursuant to specific statutory authority and directions,

and that, as the ordinance was not unconstitutional, its reasonableness was not a proper subject for review by the courts.

The testimony of the witnesses was taken at the bar of the court, and there was much testimony tending to support the allegation that the ordinance had been passed for the purpose of giving Rosenbaum a monopoly of the moving picture business. But under our view of the law it becomes unnecessary to determine whether the testimony supported the allegations in that particular or not. The court below found that it did, and held the testimony competent as bearing upon the question of the reasonableness of the ordinance, and entered a decree enjoining the enforcement of the ordinance.

In opposition to the view that the courts may pass upon the reasonableness of the ordinance, the case of *Hot Springs* v. *Curry,* 64 Ark. 152, and similar cases are cited. It was held in the case mentioned that when an ordinance is upon its face within the terms of the express statutory power, the courts ought not to interfere with it on the ground of unreasonableness, and it was said of the ordinance there under review that it appeared upon its face to be valid, and there was no evidence that it was unreasonable, and that unless the contrary appears on the face of the ordinance, or is established by proper evidence, the court will presume it reasonable. Citing *Fayetteville* v. *Carter,* 52 Ark. 312.

The law on this subject is stated in Dillon on Municipal Corporations (5 ed.), section 600, as follows: "Where the Legislature, in terms, confers upon a municipal corporation the power to pass ordinances of a specified and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto can not be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the Legislature distinctly says may be done can not be set aside by the courts because they may deem

it to be unreasonable or against sound policy.  But where the power to legislate on a given subject is conferred, and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid.''

The section is quoted with approval in numerous opinions of different courts in passing upon the right of courts to review municipal ordinances, and is a statement of the generally accepted view which the courts have entertained.

It is insisted that the Legislature of this State has in terms conferred the authority to pass ordinances of the specific and definite character of the one under review, and that this grant of authority is conclusive of its reasonableness.  The sections of our statutes which are said to confer this authority are sections 5438, 5454, 5439, 5461 and 5648 of Kirby's Digest.

By section 5438 of Kirby's Digest municipalities are given power ''to license, regulate, tax or suppress theatricals, or other exhibitions, shows and amusements.'' Section 5454 gives them authority ''to license, regulate or prohibit all exhibitions and public shows, and all exhibitions of whatever name or nature.''  Section 5439 authorizes them to regulate the building of houses and to make regulations for the purpose of guarding against accidents by fire.  Section 5461 makes it the duty of municipal corporations to pass such by-laws and ordinances as shall be necessary to secure their inhabitants against injuries by fire, and such as they shall deem necessary to provide for the safety and to promote the prosperity and to improve the morals, order, comfort and convenience of the inhabitants thereof.  Section 5648 grants to cities of the first class power to prevent or to regulate the carrying on of any trade, business or vocation, of a tendency dangerous to morals, health or safety.

It must be, and is, conceded that these sections of the statute do confer the authority on town councils to enact the necessary ordinances for the regulation and supervi-

sion of moving picture theaters, and it is possible that any one of the sections mentioned, if it were the only statute on the subject, would be held sufficient to confer the authority on town councils to enact ordinances regulating theaters but the difficulty of determining which particular section of the statute authorized the ordinance here reviewed of itself suggests that the Legislature has conferred a power without prescribing the mode of its exercise, and the courts are not, therefore, precluded from a consideration of the reasonableness of the ordinance.

In approaching the consideration of the question of the reasonableness of this ordinance, it is well to state certain well recognized limitations upon the prerogative of the court. The court may not consider mere questions of discretion. The right to exercise any discretion which may exist is vested in the council and not in the court if the ordinance is not arbitrary and is reasonably adapted to accomplish the purpose sought to be attained. And there is a presumption in favor of the ordinance which must be overcome by one who attacks it. *Pierce Oil Corporation* v. *Hope,* 127 Ark. 38.

As has been said, we do not stop to inquire whether the motive of the council was to give Rosenbaum a monopoly of the moving picture business. *L. R. Ry. & Elec. Co.* v. *Dowell,* 101 Ark. 223. We may, however, in passing upon its reasonableness, consider what its effect will be when its provisions are given practical application. The first result noticed is that Rosenbaum, whose theater had a floor and ceiling of the kind specified in the ordinance, is relieved of competition in the moving picture business in that his only competitor can not operate without the expenditure of a sum of money shown to be prohibitory. Now this fact, however, does not render the ordinance void as unreasonable, if it results from the imposition of regulations which are proper and necessary in promotion of the public health, comfort or safety.

Theaters are universally held to be proper subjects for police regulation, and we cannot agree with the contention of appellee that the ordinance is void because it

applies only to moving picture theaters and does not apply to other theaters or public places of amusement. A classification imposing requirements and regulations upon moving picture theaters which are not imposed upon other places of amusements is not necessarily discriminatory. Reasons for such distinctions may be easily conceived to exist, as, for instance, that moving picture theaters give continuous performances, which last much longer than other exhibitions, the performance is given in a darkened room, before a constantly changing audience, and a film is used which is highly inflammable, and still other reasons might be suggested. *Soon Hing* v. *Cromley,* 113 U. S. 703.

In support of the finding of the court below that the ordinance is unreasonable and, therefore, void, it is pointed out that, while the ordinance does provide that it shall be unlawful to operate a moving picture show or theater in any building except one of approved fire-proof construction, yet, under the specifications of the ordinance, the building need not necessarily be fire-proof, but whether fire-proof or not, a particular kind of floor and ceiling is required. On the other hand, a building might be of the most approved construction and absolutely fire-proof, and yet not conform to the requirements of the ordinance. These points were developed and enlarged upon in the testimony.

In explanation of the requirements of the ordinance, it was explained that there was great danger from fires being communicated from outside buildings, but the requirement of the ordinance is not conditioned upon the presence of outside buildings. A particular type of wall, floor and ceiling is the only thing prescribed, whether the building be isolated or near others from which fire might be communicated. Only one kind of show room or theater is permitted, whether the building is one-story, with a metal roof, with no chance of fire being communicated from above, or whether it is under or over other stories which are so used as to create a danger from fire.

In section 591 of Dillon on Municipal Corporations (5th ed.), it is said that "* * * the courts will declare an ordinance to be void because unreasonable upon a state of facts being shown which makes it unreasonable. If the ordinance is not inherently unfair, unreasonable or oppressive, the person attacking it must assume the burden of affirmatively showing that as applied to him it is unreasonable, unfair and oppressive. And an ordinance general in its scope may be adjudged reasonable as applied to one state of facts and unreasonable when applied to circumstances of a different character."

We are led, therefore, to conclude that the court below was warranted in holding under the testimony shown by the record in this case, that the ordinance was arbitrary and unreasonable, and therefore void. Affirmed.

McCULLOCH, C. J., (dissenting). It seems to me that the reasoning of the opinion of the majority defeats the very conclusions reached. The council of a municipality is its legislative body, and, when acting within the authority and control conferred by the sovereign law making power, the exercise of its functions is as far beyond judicial interference as that of any other legislative body. We cannot question the motives of the law-makers. That is conceded. The city council possessed authority from the General Assembly of the State to enact an ordinance on the subject with which there was an attempt to deal. That, too, is conceded.

The ordinance undertakes to define what shall constitute the character of building, in plan of construction and material, which, in the judgment of the legislative body, will be reasonably safe for the purpose for which it is to be used. The council exercised its judgment and discretion in determining what would constitute a reasonably safe building. The majority say that courts will not attempt to control the discretion of the council. Yet that is precisely what the court has done. It has substituted its judgment and discretion for that of the city council.

But it is said that the council attempted to define a fireproof building by providing merely for certain materials for the floors, ceiling and inside walls, and that this requirement does not make such a building wholly fireproof—that a building of a different construction might be completely fireproof and still not conform to the requirements of this ordinance. Those are the only reasons given in the opinion for declaring the ordinance unreasonable and 'void. The substance and effect of the ruling is, therefore, that the effort of the city council to provide for fireproof building must be declared abortive because such a building is not wholly fireproof, and that because the protection given from fire is not absolute the effort to give a certain measure of protection entirely fails. I cannot agree to such a process of reasoning. To do so is to disregard the judgment and discretion of the law-makers and substitute our own. Nor is it any sounder to say that the ordinance is void because a fireproof building can be constructed of other kinds of materials not in conformity with the requirements of the ordinance. The city council deals with the subject in a practical way with reference to the character of construction ordinarily in use. It does not deal with exceptional cases. Some other kind of fireproof construction might be thought of, but that does not defeat the will of the law-makers in determining what will constitute a requirement which will afford reasonable protection. A police regulation is not defeated merely because a better way of correcting the evil might be discovered.

In delivering the opinion of the Supreme Court of the United States in the case of *Ozan Lumber Company* v. *Union County National Bank of Liberty*, 207 U. S. 251, Mr. Justice Peckham very appropriately said: "It is almost impossible, in some matters, to foresee and provide for every imaginable and exceptional case, and a Legislature ought not to be required to do so at the risk of having its legislation declared void, although appropriate and proper upon the general subject upon which such legislation is to act, so long as there is no substantial and fair

ground to say that the statute makes an unreasonable and unfounded general classification, and thereby denies to any person the equal protection of the laws. In a classification for governmental purposes there cannot be an exact exclusion or inclusion of persons and things.'' We have given expression to the same thought in some of our own decisions. *Williams* v. *State*, 85 Ark. 464; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *State*, 102 Ark. 205.

There are many decisions of this court holding steadily to the view that when city councils act within the orbit of their legitimate general authority their acts cannot be declared to be void merely because the courts differ as to the propriety of the given regulation. It is sufficient to cite the following as settling the law so far as applicable to the case now before us: *Hot Springs* v. *Curry*, 64 Ark. 152; *Little Rock* v. *Reinman-Wolfort Co.*, 107 Ark. 174; *Pierce Oil Corporation* v. *Hope*, 127 Ark. 38.

It seems to me that the last case cited above goes much further in sustaining the authority of a city council than is necessary to go in the present case in order to uphold the validity of the ordinance now under review.

The Supreme Court of the United States in the case of *Reinman* v. *Little Rock,* which went up from this court (237 U. S. 171) laid down very clearly the rule which should govern in such cases as follows: ''While such regulations are subject to judicial scrutiny upon fundamental grounds, yet a considerable latitude of discretion must be accorded to the law-making power; and so long as the regulation in question is not shown to be clearly unreasonable and arbitrary, and operates uniformly upon all persons similarly situated in the particular district, the district itself not appearing to have been arbitrarily selected, it cannot be judicially declared that there is a deprivation of property without due process of law, or a denial of the equal protection of the laws, within the meaning of the Fourteenth Amendment.''