The Honorable Bill Walters State Senator P. O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding fees and rates charged to water customers within certain cities. You note that a County Water Users Association ("Association") is passing on a surcharge to cities purchasing bulk water from the Association, the surcharge having been assessed to the Association due to a current water shortage. You have asked, specifically, whether the purchasing cities have the authority to charge a higher connection fee and a higher water rate to any new water customer until such time as the existing water shortage has ended.
It is clear, as an initial matter, that a city has the power and authority to acquire by purchase or otherwise a water supply for distribution to its inhabitants, and may contract to this effect. McGehee v. Williams, 191 Ark. 643, 87 S.W.2d 46 (1935); see also A.C.A. 14-234-108. Your question, however, extends beyond the purchase contract to the rates charged the inhabitants for this distribution.
It has been stated that as a general rule a municipality's charges must be "fair, reasonable, and just, uniform and nondiscriminatory." Delony v. Rucker, 227 Ark. 869, 872-873, 302 S.W.2d 287 (1957); citations omitted. The Arkansas Supreme Court has stated the following in this regard, quoting from the Law of Public Utilities, 4th Ed., Vol. 1, Sec. 280:
 `The rule prohibiting discrimination in service or rates applies to the municipality equally with privately owned public utilities. . . . Discrimination in rates or service is not permitted by municipalities any more than private public utilities, and the requirement that a substantial sum be paid by a certain section of the municipality for the privilege of receiving service, which is not required of other customers or sections violates the rule against discrimination. . . .'
City of Malvern v. Young, 205 Ark. 886, 893, 171 S.W.2d 470
(1943). The Court in City of Malvern went on to state that ". . . a municipality undertaking to supply water to its inhabitants stands in no different relation as to the right to discriminate from that of a private corporation." Id; citation omitted. The Court did, however, note the following:
 We are not holding that the City of Malvern could not pass an ordinance reasonably classifying customers Association to distance, location, expense of delivery, etc.
Id. at 894. This statement indicates that different rates and charges may be permissible, depending upon the particular circumstances involved.
The reasonableness of the rates fixed by the city council is a matter open to judicial review. Delony v. Rucker, supra at 873, citing North Little Rock v. Rose, 136 Ark. 298, 206 S.W. 449
(1918). The burden of proving that the city's rate schedule is arbitrary and unreasonable lies with the plaintiff. Id. This follows from the presumption of validity ordinarily attaching to legislative enactments. Id; see also Wilson v. Robinson, 668 F.2d 380,383 (8th Cir. 1981). It has been stated that the actions of city authorities will not be judicially interfered with ". . . unless manifestly unreasonable and oppressive, an unwarranted invasion of private rights, or clearly in excess of powers granted. City of Little Rock v. Linn, 245 Ark. 260, 270,432 S.W.2d 455 (1968); citations omitted.
It may be concluded from the foregoing that different classifications for rate purposes are not precluded as a matter of law, so long as they are not arbitrary or unreasonable. There are no Arkansas cases offering guidance on the particular question posed. A decision with respect to the reasonableness of the cities' proposed rates and fees in this instance may turn on whether the increased costs result directly, and perhaps exclusively, from new customers' demands. If the increased costs are directly attributable to these customers, it may be successfully contended that the different rate classifications are reasonable and nondiscriminating. This, of course, is a question of fact which this office cannot decide. This discussion does assume, however, that the contract with the cities' water supplier does not stipulate the rates to be charged consumers within each city.
It should be noted, finally, that Arkansas law has long recognized that the provision of water is an essential utility service. North Little Rock Co. v. Water Works Commission of Little Rock,199 Ark. 773, 784, 136 S.W.2d 194 (1970). Prudence in this instance would therefore dictate that service be extended to city residents, including new customers, as long as a supply is available.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.