## MARTIN V. HILB.

Decided May 24, 1890.

*City sewer—Requiring adjacent property owners to make connection with.*

> Sec. 873 of Mansf. Dig., which provides that property owners near or adjacent to any city sewer, when ordered by the city board of health, shall connect their premises with the city sewer, is not limited to property which belonged to the sewer district which constructed the sewer; nor are those connecting therewith required to prepay any part of the cost of construction of such sewer.

APPEAL from *Pulaski* Chancery Court.

D. W. CARROLL, Chancellor.

The appellants' complaint alleged that they were residents of a sewer district in the city of Little Rock, and owners of land lying therein, and that they constituted a board of improvement for that district; that they sued in behalf of all other persons owning lands in the district; that said sewer district had been created under the laws of Arkansas for the purpose of making sewers therein; that it embraced a large number of blocks in the city of great value; that for the purpose of raising money to build the sewers the council of the city had assessed a tax on the lands therein of four and one-half per cent of their assessed value, a large part of which had been paid; that with the said money the board had constructed the sewers in the district leading from its boundaries to the Arkansas River; that the defendants owned property adjoining the district, which had never been taxed for this improvement; that they were then making sewers from their land to connect with one of the main sewers in the district, not having paid anything for the construction of the sewers in the district, and refusing to pay anything for their right to connect with the same, thus endeavoring to obtain the same benefit from said sewers that had been obtained by property owners within the district, without contributing to

the system of sewers embraced therein; and that the defendants would proceed to make said connections unless enjoined. Prayer for temporary and perpetual injunctions.

A temporary injunction was granted. Defendants answered that the sewer improvements were completed and surrendered by the board of improvement to the city of Little Rock before the bringing of the suit, since which time the sewers had been under the exclusive control and ownership of the city; that the property of the defendants is so situated that it becomes necessary, for their own convenience and protection and in promotion of the public health, to make connection with said sewer district; that the board of health of the city required all persons owning property thus situated to connect with the sewers of the city. Upon final hearing the court decided that the defendants were authorized by the board of health to make the connection complained of, and that the injunction be dissolved.

*U. M. & G. B. Rose* for appellants.

1. The action of the board of health and the statute under which appellees acted had relation only to persons having lots within a sewer district. Mansf. Dig., sec. 874.

2. In order to connect the appellees should have first procured the consent of the city council, and paid their *pro rata*. Mansf. Dig., secs. 877, 878; Acts 1889, p. 18. The original act required compensation.

*W. L. Terry* for appellees.

1. When the complaint was filed, the sewer had been formally turned over to the city and taken in its exclusive charge. Mansf. Dig., secs. 873 to 879. Plaintiffs had no right to maintain the suit. Mansf. Dig., secs. 843 to 867. The law contemplates that, "after the completion of any sewer," connections may be made without *the consent* of either the board or property owners; and, under sec. 873, the board of health may *compel* connections, and, under sec. 877,

the city council may *permit* connections "by private parties *not* building sewers under the orders of the board of health." No compensation is required, and certainly not pre-payment as a condition precedent. Neither the board nor the property owners have anything to do with the "terms," "time," "manner" or "compensation" for making connections.

HEMINGWAY, J.   The sewer district was organized at the instance of a majority in value of the property owners in the district, under the provisions of the act approved March 22, 1881.

Section 873 of Mansfield's Digest is a part of that act, and whatever conditions or restrictions it imposes were voluntarily assumed by the promoters of the organization in organizing the district and constructing the work.

City sewers— Requiring adjacent property owners to connect with.   It provides that after the completion of any sewer authorized to be built under the provisions of the act, it shall be lawful for the board of health of the city, whenever in their opinion the public health will be promoted thereby, to order any one or more property owners near or adjacent to any sewer to construct upon their property sewers leading from some point on their premises to the sewer of the city for the purpose of conducting the sewage about such premises into the city sewers.   The only conditions placed upon the exercise of this authority are, that, in the opinion of the board of health, the public health will be thereby promoted, and that their orders shall apply only to property owners near or adjacent to the city sewer.   What is intended by property near or adjacent to the sewer is defined in a subsequent part of the act.   Sec. 876, Mansf. Dig.   There is nothing in the language or purpose of the grant to limit its application to property situate within the district, or to exact a pre-payment from those to whom the order is directed of any part of the cost of the sewers.   Whether the law requires that they do more than meet the expense of making the connection, we need

not consider, for if any payment was required, it was not a condition precedent to a compliance with the order, and the fact that it had not been made would not entitle any one to ask that such compliance be enjoined. The legislature, seeming to doubt whether the law contemplated any such payment on the part of those to whom the order should be directed, subsequently amended it, so as to remove the doubt. Acts 1889, p. 18.

Having reached the conclusion that no relief could be granted upon the case made, we have not considered the question of practice argued by counsel.

The judgment will be affirmed.