CITY OF LITTLE ROCK *et al. v.* REINMAN-WOLFORT AUTOMOBILE LIVERY COMPANY.

## Opinion delivered February 24, 1913.

1. LIVERY STABLES—RIGHT OF MUNICIPAL CORPORATION TO REGULATE.—Under section 5454 of Kirby's Digest, which provides that cities shall have the power to regulate livery stables, a municipal corporation may pass an ordinance excluding any person or corporation from carrying on a livery stable business within a certain defined area, within the corporate limits. (Page 179.)

2.  LIVERY STABLES—SUBJECT TO REGULATION BY CITY.—While a livery stable is not a public nuisance *per se*, and conducting same is recognized as a legitimate and necessary business, a city ordinance prohibiting the operation of livery stables within a certain defined area is proper and does not deprive the owners of their property without due process of law.  (Page 181.)

3.  MUNICIPAL CORPORATIONS—RIGHT TO REGULATE LIVERY STABLES.—A city ordinance prohibiting the carrying on of a livery stable business within a certain limited area, is not unreasonable or an improper restraint upon a lawful trade or business, nor an improper restraint upon the lawful and beneficial use of private property, nor an arbitrary or unjust classification of business for the purpose of regulation, nor is it unjustly discriminative.  (Page 182.)

4.  MUNICIPAL CORPORATIONS—REGULATION OF LIVERY STABLES.—A city ordinance excluding livery stables from certain defined territory, does not amount to a prohibition of the business, nor is it necessary to show that the business, as conducted, amounts to a nuisance before it becomes subject to the provisions of the ordinance regulating it.  (Page 182.)

5.  CITY ORDINANCE—EXCESSIVE PENALTY.—Although a city ordinance may impose a penalty for the continuance of the offense in excess of the amount prescribed by section 5466 of Kirby's Digest, it is not invalid for that reason since it is also provided by section 5467 of Kirby's Digest, that, in a prosecution under such an ordinance, judgment will be rendered for such amount only as the act authorizes.  (Page 184.)

Appeal from Pulaski Chancery Court; *J. E. Martineau*, Chancellor; reversed and dismissed.

*Harry C. Hale* and *J. W. & J. W. House, Jr.*, for appellant.

1.  The State has the right, under its police power, to prohibit the carrying on of a livery stable business within certain designated limits, and having such power it can delegate it to cities.  22 S. W. 470; 16 Mo. App. 131; 16 Wal. 62; 5 Am. St. Rep. 331; 37 Am. Rep. 564; 41 Am. St. Rep. 630; 53 *Id.* 325; 91 Am. Dec. 472; 83 *Id.* 740; 90 *Id.* 278; 34 *Id.* 637; 33 Pa. St. 202; 18 O. St. 563; 54 Wis. 376; 90 Am. Dec. 279; 90 S. W. 874; 83 Am. Dec. 203; 26 Am. St. Rep. 664.

2.  The power to pass this ordinance was delegated by the State.  By section 5454, Kirby's Digest, the power

was granted to regulate all livery stables; and the power to regulate includes the power to restrict to certain limits. 41 Am. St. Rep. 630, 633, and other authorities cited above.

The ordinance may be sustained as a delegation of power by the State to the city, by section 5648, Kirby's Digest, sub-div. 4, which provides that the city may prevent or regulate the carrying on of any trade, business or vocation of a tendency dangerous to morals, health and safety. 49 Am. St. Rep. 227; 26 *Id.* 664; 30 *Id.* 214; 100 Ind. 575-578; 7 Cow. 606; 12 Wheat. 19; 4 Rob. 1; 90 Am. Dec. 281. See also Kirby's Dig. § § 5437-8, 5454, 5461; 70 Ark. 12. When a city has by ordinance exercised the police power delegated to it by the State, it is as conclusive upon the courts as any legislative enactment, so long as such power involves a matter of discretion only, and not the fundamental law. 204 Ill. 456; 162 Ind. 399; 33 Mass. 442; 58 N. E. 551; 49 Am. St. Rep. 93; 197 Fed. 516; 26 Am. St. Rep. 659, 662, 666; 96 Ark. 199; 16 Wal. 62; 113 U. S. 703; 113 U. S. 27; 96 Am. St. Rep. 95, 97; 152 U. S. 136; 113 U. S. 27; 128 U. S. 1; 225 U. S. 623; 194 U. S. 361.

3. The chancery court had no jurisdiction to restrain the enforcement of the ordinance. 85 Ark. 230; 34 Ark. 375; 34 Ark. 559; 39 Ark. 412; 44 Ark. 139; 7 Ark. 520; 13 Ark. 630; 26 Ark. 649; 27 Ark. 97.

4. All reasonable presumptions will be indulged in favor of the validity of the ordinance. 88 Ark. 263; 52 Ark. 301; 64 Ark. 152; 63 Atl. 930; 107 N. W. 502; 105 N. W. 794; 42 N. E. 622.

*Morris M. Cohn,* for appellees; *Baldy Vinson,* of counsel.

1. The ordinance is discriminative and invalid in that it is made to apply to livery stables and not to sales stables, whereas, if there be any serious objection to either, the sales stables are more objectionable. 2 McQuillan, Mun. Corp. § 738; 48 Minn. 236, 51 N. W. 112; 75 Ark. 542; 184 U. S. 540; 165 U. S. 150.

It is unreasonable because it improperly discriminates between localities within which substantially the same conditions exist, and discrimination in that it forces the business into the residential section.

2. The penalties prescribed are beyond the charter powers of the city, rendering the whole ordinance void. 2 McQuillan, Mun. Corp. § 722; 94 N. C. 883; 27 N. J. L. 286.

3. A livery stable is not a nuisance *per se.* 85 Ark. 544; 64 Ark. 424; 87 Ark. 213; 93 Ark. 362, 367; 95 Ark. 545; 11 Humph. 406, 54 Am. Dec. 45. And before it can be suppressed it must be proved to be an irremediable nuisance in the particular case. 93 Ark. 362; 95 Ark. 545, 548. Such proof must be irresistible. *Id;* 92 Ark. 552-3.

Because a given occupation may become objectionable, it does not follow that it may be suppressed within the city or any business portion of it. 85 Ark. 554-5; 95 Ark. 548; 41 Ark. 526; 52 Ark. 23; 45 Ark. 336; 49 Ark. 165.

A city can not by legislation make a nuisance of a business or occupation which is not *per se* a nuisance. 92 Ark. 456; 64 Ark. 609; 41 Ark. 526.

Under the power to regulate the city may license, but may not tax. 43 Ark. 82; 52 Ark. 301; 83 Ark. 351; 93 Ark. 362. It follows that the city can not under the same power suppress or prohibit, since the power to regulate does not include the power to prohibit. 31 Ark. 462; 111 Cal. 46, 50; 95 N. E. 456; 250 Ill. 486; 44 Ill. 81, 83; 61 Md. 297, 308, 309; 124 Cal. 344, 349; 3 McQuillan, Mun. Corp. § 990. The city council could not, under this power, by anticipation, prohibit the carrying on of the business. *Supra;* 47 L. R. A. 652, 656. Nor prohibit the maintenance of a livery stable in a prescribed locality in the business part of the city. *Supra;* 34 Pac. 902; 19 Col. 179; 41 Am. St. Rep. 230; 27 So. 53; 46 Ia. 66; 98 Cal. 73; 30 Ore. 478.

This being a legitimate business, which could only become a nuisance by the act of the parties, to condemn

it for a certain locality where other legitimate business is carried on, is to deprive appellees of their constitutional rights.   195 U. S. 223; 118 U. S. 356; 31 Fed. 680; 13 Fed. 229; 82 Fed. 623; 10 Wall. 497; 79 Ill. 26, 39; 46 Ia. 66; 26 Fed. 611; 127 S. W. 860.

The power to regulate does not include partial prohibition.   107 Mo. 1, 24-26; 34 Pac. 902; 47 L. R. A. 652-656; 85 Ark. 511; 83 Ark. 355.

4.   The city having allowed the business to be established and maintained for many years at a great expense, is estopped to prohibit it.   92 Ark. 546; 5 Ga. 315; 79 Ill. 26, 39; 73 N. E. 1035; 214 Ill. 628, 642.

5.   As to the matter of jurisdiction, see 88 Ark. 358; 35 Ark. 352; Martin's Decisions, 386, 402-3, 404-5; 223 U. S. 605, 620, 621; 195 U. S. 223, 241; 209 U. S. 145; 2 McQuillan, § 805; 4 Dillon, Mun. Corp. § 1573; 2 *Id.* § 612, note 1; 74 Ark. 421; 34 Ark. 603, 609; 15 L. R. A. 604, and cases cited.

KIRBY, J.   This suit challenges the validity of the following ordinance of the city of Little Rock:

## ORDINANCE NO. 1729.

### AN ORDINANCE TO REGULATE LIVERY STABLES.

"Whereas, the conducting of a livery stable business within certain parts of the city of Little Rock, Arkansas, is detrimental to the health, interest and prosperity of the city of Little Rock; therefore

"Be it ordained by the city council of the city of Little Rock:

"Section 1.   That it shall be unlawful for any person, firm or corporation to conduct or carry on a livery stable business within the following area, towit:  Beginning at the intersection of Center street and Markham street, thence east on Markham street to Main street, thence south on Main street to Fifth street, thence west on Fifth street to Center street, thence north on Center street to Markham street, the place of beginning.

"Section 2.   Any person, firm or corporation violating any of the provisions of this ordinance shall be

deemed guilty of misdemeanor and shall be fined in any sum not less than fifty ($50.00) dollars, nor more than one hundred ($100.00) dollars for each violation and each day any person, firm or corporation shall conduct or carry on a livery stable business within said limits shall be deemed a separate offense.

"Section 3. This ordinance shall take effect and be in force sixty (60) days after its passage."

From the decree declaring it invalid, an appeal was duly prosecuted.

It is contended that the ordinance is invalid, because, first, it prohibits the operation of a livery stable business, which is not *per se* a public nuisance within the area defined therein in which appellee's business is, and has long been conducted and deprives them of their property without due process of law.

Second. It deprives them of the equal protection of the law and is an unjust discrimination against them.

Third. It fixes greater penalties for its violation than the city has power to impose.

The city derives its power from the State, and section 5454, Kirby's Digest of the Statutes, provides: "They shall have the power to * * * regulate or prohibit the sale of all horses or other domestic animals, at auction in the streets, alleys, or highways, *to regulate* all carts, wagons, drays * * * and every description of carriages which may be kept for hire and *all livery stables.*" * * *

The State has the right under its police power to make regulations relative to the carrying on of certain lawful pursuits, trades and business, and as said by the United States Supreme Court in *Williams* v. *Arkansas*, 217 U. S. 79, quoting from a former decision in *Gunning* v. *Chicago*, 177 U. S. 183, "Regulations respecting the pursuit of a lawful trade or business are of very frequent occurrence in the various cities of the country and what such regulations shall be and to what particular trade, business or occupation they shall apply, are questions for the State to determine, and their determina-

tion comes within the proper exercise of the police power by the State, and unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary interfered with or destroyed without due process of law, they do not extend beyond the power of the State to pass, and they form no subject for Federal interference."

The State in the exercise of its police power has given to the city the power to regulate certain callings, pursuits, trades and business, as specified in said section of the statutes. The power to regulate gives authority to impose restrictions and restraints upon the trade or business regulated. "Regulate" means "to direct by rule or restriction, to subject to governing principles or laws." Webster's Dictionary. In *City of Rochester* v. *West,* 164 N. Y. 510, 58 N. E. 673; 53 L. R. A. 548, 79 Am. St. Rep. 659, the court said, "To regulate is to govern by, or subject to, certain rules or restrictions. It implies a power of restriction and restraint not only as to the manner of conducting a specified business, but also as to the erection in or upon which the business is to be conducted." (*Cronin* v. *People,* 82 N. Y. 318.)

Judge Dillon says: "To regulate is to govern by or subject to certain rules or restrictions. It implies a power of restriction and restraint certainly within reasonable limits as to the manner of conducting a specific business and also as to the building or erection in or upon which the business is to be conducted. By virtue of the power to regulate, it has been held that the city council may by ordinance prohibit the carrying on of a business within certain specified portions of the city. By virtue of a similar power, it has been held that it is within the authority of the common council reasonably to limit the manner by prohibiting one or more methods * * * " 2 Dillon on Municipal Corporations (5 Ed.) § 665.

In re *Wilson,* 32 Minn. 148, the court said: "Under

a grant of police power to regulate, the right of municipal authority to determine where and within what limits a certain class of business may be conducted has been often sustained. For example, the place where markets may be had, butcher stalls or meat shops kept * * * the limits within which certain kinds of animals shall not be kept, the distance from a church within which liquor shall not be sold, etc.''

In *City of St. Louis* v. *Russell,* 22 S. W. 470, the Supreme Court of Missouri, passing upon the validity of an ordinance enacted by the city of St. Louis under its charter giving it the power to license, tax and regulate livery and sales stables, said: ''The first question for our consideration is whether or not the power to regulate livery and sales stables includes the right to designate the places and in what part of the city they may be located, and to prohibit their erection at other places,'' and further after quoting from other cases, ''We think that the city has the power under its charter and ordinances to regulate the place of building livery stables and confine them to certain localities within the corporate limits, as well as to regulate the manner of their keeping, as to cleanliness, that they may not be or become obnoxious and deleterious to the health of her citizens.''

Although it is true as claimed by appellee that a livery stable is not *per se* a public nuisance and is recognized as a necessary and legitimate business, still the ordinance does not attempt to prohibit the operation of the business within the limits of the city but only within the small area defined therein and the city having express authority to regulate all livery stables could make the restrictions notwithstanding the business regulated is not a nuisance *per se.*

McQuillan says: ''While a livery stable in a populous community is not *per se* a public nuisance, it may become such and hence it has long been recognized as a subject necessarily within reasonable police regulations. Power to regulate livery stables and sales stables in-

cludes the power to limit them to certain localities and provide for their cleanliness so that they may not become injurious to health." 3 McQuillan Municipal Corporations, § 910.

In Ex parte *Lacy,* 49 Am. St. Rep. 93, the court, construing an ordinance in which the city attempted to regulate the business of beating carpets by steam power, said: "Conceding the business covered by the provisions of this ordinance not to constitute a nuisance *per se,* and to stand upon different grounds from powder factories, street obstructions, and the like, still, the case is made no better for petitioner. This is not a question of nuisance *per se,* and the power to regulate is in no way dependent upon such conditions. Indeed, as to nuisances *per se,* the general laws of the State are ample to deal with them. But the business here involved may properly be classed with livery stables, laundries, soap and glue factories, etc., a class of business undertakings, in the conduct of which police and sanitary regulations are made to a greater or less degree by every city in the country. And in this class of cases it is no defense to the validity of regulation ordinances to say: 'I am committing no nuisance, and I insist upon being heard before a court or jury upon that question of fact.' In this class of cases a defendant has no such right. To the extent that it was material in creating a valid ordinance, we must assume that such question was decided by the municipal authorities and decided against petitioner and all others similarly situated."

The livery stable has long been a business wellnigh universally recognized and regarded as belonging to a class subject to police' regulation for the protection of the public health and the promotion of the general welfare and appellees necessarily knew in engaging in such business that it was subject to reasonable regulation by the State and by the city under authority from the State.

The ordinance in question does not attempt to prohibit the carrying on of the business, but only to restrict

and limit it to a certain defined territory, or rather, to prohibit the operation of it within the small prescribed area or district included in the ordinance. It does not amount to a prohibition of the business, nor was it necessary to show that the business, as conducted amounted to a nuisance before it was subject to the provisions of this ordinance regulating it. The power to regulate is expressly given by the statute and reasonably includes, as already said. the right to limit and confine the operation of such business to certain territory and to prohibit the carrying of it on in certain other territory, which the city council, by the authority of the State was given the power to select in the exercise of a reasonable discretion. The power having been vested in the city and duly exercised by its council in the passage of the ordinance, the question is settled thereby for the necessity of the regulation. It is not unreasonable or an undue restraint upon a lawful trade or business nor an improper restraint upon the lawful and beneficial use of private property.

It is contended further that there are other ordinances, requiring the securing of a permit from certain city officials, before a livery stable business can be conducted in other portions of the city, outside of this restricted limit, or district, and that, such ordinances with the probable action of the city officers thereunder and this ordinance, making such restrictions, amount to a prohibition of the business in the entire city.

We have no question, however, of that kind here, and it will be time enough to determine it when it shall come before us. Neither do we think it provides an arbitrary or unjust classification of business for the purpose of regulation. The city council doubtless passed the ordinance to meet and remedy a condition actually existing and if it be conceded that it had power to regulate likewise ''sales stables'' and if they can not be reasonably included within the terms ''livery stables'' as a business usually conducted with and incidental thereto, still there is a discretion left to the council in

making the classification and we do not regard it unjustly discriminative. It operates alike upon all persons similarly situated within the territory defined and the council had the right to pass it even if it should not meet all possible conditions that might exist, as said in *Ozan Lumber Co.* v. *Union Nat. Bank,* 207 U. S. 251. "It is almost impossible in some matters to foresee and provide for every imaginable and exceptional case and the Legislature ought not to be required to do so at the risk of having its legislation declared void, although appropriate and proper upon the general subject upon which such legislation is to act, so long as there is no substantial and fair ground to say that the statute makes an unreasonable and unfounded general classification and thereby denies to any person the equal protection of the laws. In a classification for governmental purposes there can not be an exact exclusion or inclusion of persons and things." See also *Williams* v. *State,* 85 Ark. 464.

It is next contended that the ordinance is void because it fixes penalties for its violation beyond the power of the city to prescribe. But if this contention be well founded it does not render the ordinance invalid since under its terms, by a statute expressly authorizing it to be done the penalty would be reduced upon convictions for its violation to the amount prescribed by law in such cases. §§ 5466-7 Kirby's Digest; *Eureka Springs* v. *O'Neal,* 56 Ark. 352.

The ordinance was a valid exercise of the city's power, under the statute authorizing it to regulate livery stables, and the decree of the lower court is erroneous.

It is reversed and the cause remanded, with directions to dismiss the complaint of appellees for want of equity.