## BALESH *v.* HOT SPRINGS.

Opinion delivered April 18, 1927.

1. AUCTIONS AND AUCTIONEERS—AUTHORITY OF CITY TO PROHIBIT AUCTIONS.—Crawford & Moses' Dig., § 7753, permitting cities of the first class to prohibit the sale of merchandise by auction *held* unconstitutional as being in conflict with Const., Bill of Rights, § 2, guaranteeing liberty and the right to acquire, possess and protect property.

2. AUCTIONS AND AUCTIONEERS—RIGHT TO REGULATE BUSINESS.—While the Legislature has not the power to prohibit auctioneering, it may require a license or make other reasonable regulations.

Appeal from Garland Chancery Court; *W. R. Duffie,* Chancellor; reversed.

H. E. Balesh brought this suit in equity against the city of Hot Springs and the mayor and the chief of police thereof to enjoin them from interfering with him in the sale of his merchandise at auction.

According to the allegations of his complaint, which are sustained by the proof, the plaintiff is a resident of the city of Hot Springs, Garland County, Arkansas, and has been engaged in business in that city for several years. His merchandise consists chiefly of oriental goods, china, linen, antiques, and other art goods, which he disposes of, for the most part, by auction. He sells very little of his merchandise at private sale, and conducts his auction sales, for the most part, in person.

In November, 1926, the city of Hot Springs, by its city council, passed an ordinance making it a misdemeanor to sell goods, wares or merchandise by auction in the city of Hot Springs. This ordinance was passed pursuant to § 7753 of Crawford & Moses' Digest, which reads as follows: "Cities of the first class are given authority to prohibit or permit, under such regulations as they may determine, the sale of merchandise by auction, except judicial sales and foreclosure sales held in the daytime."

The chancery court upheld the constitutionality of the act and the ordinance based on it, and dismissed the complaint of the plaintiff for want of equity. The case is here on appeal.

*Martin, Wootton & Martin,* for appellant.

*Geo. P. Whittington, A. T. Davies* and *Leo P. McLaughlin,* for appellee.

HART, C. J., (after stating the facts). Counsel for the plaintiff attacks the constitutionality of the act under which the ordinance prohibiting him from selling his goods, wares or merchandise at auction was passed, on the ground that it is in violation of § 2 of our Bill of Rights, which reads as follows: "All men are created equally free and independent, and have certain inherent and inalienable rights, amongst which are those of enjoying

and defending life and liberty; of acquiring, possessing and protecting property and reputation; and of pursuing their own happiness. To secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed." This section was substantially taken from the Declaration of Independence.

In *Butchers' Union Co.* v. *Crescent City Co.*, 111 U. S. 746, 4 S. Ct. 652, Mr. Justice Bradley, speaking for the court, said that the right to follow any of the common occupations of life is an inalienable right. Mr. Justice Field, in a concurring opinion, in discussing the inherent rights of men which "have never been more happily expressed than in the Declaration of Independence, that new evangel of liberty for the people," said: "Among these inalienable rights, as proclaimed in that great document, is the right of men to procure their happiness, by which is meant the right to pursue any lawful business or vocation, in any manner not inconsistent with the equal rights of others, which may increase their prosperity or develop their faculties, so as to give to them their highest enjoyment.

"The common business and callings of life, the ordinary trades and pursuits, which are innocuous in themselves, and have been followed in all communities from time immemorial, must therefore be free in this country to all alike upon the same conditions. The right to pursue them, without let or hindrance, except that which is applied to all persons of the same age, sex, and condition, is a distinguishing privilege of citizens of the United States, and an essential element of that freedom which they claim as their birthright."

In *Lawton* v. *Steele*, 152 U. S. 133, 14 S. Ct. 499, the court said: "The Legislature may not, under the guise of protecting the public interest, arbitrarily interfere with private business, or impose unusual or unnecessary regulations upon lawful occupations. In other words, its determination as to what is a proper exercise of its police powers is not final or conclusive, but is subject to the supervi-

sion of the courts.'' In *Kusnetzky* v. *Security Ins. Co.* (Mo.), 281 S. W. 47, 45 A. L. R. 189, it was held that it is not within the power of the Legislature to forbid a man to transact any business otherwise perfectly lawful. Such a right was held to be guaranteed· by a provision of the Constitution of the State of Missouri, declaring that ''all persons have a natural right to life, liberty, and the enjoyment of the gains of their own industry.''

The business of auctioneering is a lawful and useful one, and is as old as the law of sale. 2 R. C. L., § 2, pages 1116 and 1117; 6 C. J., pages 821 and 822; and 3 Am. & Eng. Enc. of Law, pages 488 and 489. It is universally held that the Legislature has the power to prohibit auctioneering except through licensed auctioneers, and it may also make other regulations which are reasonable and not wholly arbitrary. *Dornberg* v. *Spokane,* 125 Wash. 72, 215 Pac. 518, 31 A. L. R. 295, and case-note at 299; *Biddles* v. *Enright,* 239 N. Y. 354, 146 N. E. 629, 39 A. L. R. 766, and case-note at 773; and *Oldsman* v. *Thomas,* 112 Ohio St. 397, 147 N. E. 750, 39 A. L. R. 760. The Supreme Court of the State of Minnesota has also recognized that the custom of selling goods at auction is as old as the law of sale, and that the occupation of auctioneering is a lawful one. *Mankato* v. *Fowler,* 32 Minn. 364, 20 N. W. 361; and *Anderson* v. *Wis. Cent. Ry. Co.,* 107 Minn. 296, 120 N. W. 39, 20 L. R. A. (N. S.), 1133. Auctioneering, rightly conducted, is a business within the legitimate scope of trade, traffic or merchandise. *People* v. *Gibbs,* 186 Mich. 127, 152 N. W. 1053, Ann. Cas. 1917B, page 830.

The nearest case in point to which our attention has been directed is that of *Robinson* v. *Wood,* 196 N. Y. S. 209. In that case, the Legislature of New York authorized the city to ''regulate by license or prohibit auction sales,'' and the city of New York attempted by ordinance to prohibit auction sales between sunset and eight o'clock in the morning. The court held the ordinance to be invalid as not a proper exercise of the police power of the State. The court said that lawful occupations could

not be arbitrarily interfered with by unusual or unnecessary regulations established under the guise of protecting public interest. It is not necessary for us to approve the holding in that case in its entirety, but we do adopt the reasoning of it in so far as it applies to the principal issue raised in this case, and that is as to the power of the Legislature to pass an act giving cities the authority to prohibit the sale of merchandise by auction.

We have no case in this court directly on the question, but the views announced above are in accord with the reasoning in *Replogle* v. *Little Rock,* 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333.

We have not attempted to set out all the proof made in the case at bar, but there is nothing in the record even suggesting any reason for the passage of the act under consideration. We are of the opinion that the statute under consideration is an unreasonable interference with the freedom of trade, and the Legislature had no power to pass an act prohibiting an occupation which has already been regarded as a legitimate one, although it may be made the subject of reasonable regulation under the police power of the State.

It follows that the decree of the chancery court must be reversed, and the cause must be remanded with directions to grant a permanent injunction in favor of the plaintiff, as prayed for in his complaint. It is so ordered.