CITY OF MORRILTON *v.* MALCO THEATRES, INC.

4-6281                                                                     149 S. W. 2d 55

Opinion delivered March 31, 1941.

*J. H. Reynolds* and *W. P. Strait,* for appellant.

*Gordon & Gordon, Robert Bailey* and *Tom F. Digby,* for appellee.

McHANEY, J.  Appellants, other than the city of Morrilton are its mayor, recorder and chief of police. On October 9, 1939, the city council passed and the mayor approved an ordinance, No. 454, levying an annual license fee or tax of $50 on all moving picture shows operating in the city three nights per week or less, and $100 on all those so operating more than three nights per week, and an additional annual tax of 40 cents per chair on all chairs in excess of 300 with which any theatre is seated.  On March 11, 1940, ordinance No. 458 was enacted which amended ordinance No. 454 by re-enacting

its licensing and taxing provisions, and added the additional provision, prohibiting the issuance of a license to any person, firm or corporation "to operate more than one moving picture show within the corporate limits of the city," and making it unlawful for any such person, firm or corporation "to operate or be interested in the operation of more than one moving picture show within the city limits," etc. A fine of not less than $10 nor more than $50 per day is imposed for violations. An emergency is declared in § 2, that: "This ordinance being in the interest of fair competition and for the purpose of keeping down monopolies."

Appellee brought this action against appellants to enjoin the enforcement of said ordinances. The complaint alleged that it is and has been the owner and operator of the Rialto Theatre in said city for some 12 or 13 years, and that it has expended for improvements and equipment for same some $15,000; that it has purchased a lot in the city for the purpose of constructing a theatre thereon for use by it; that ordinance No. 454 "is void and unenforceable for the reason that the license fee provided therein is unreasonable, inequitable and discriminates between persons or corporations pursuing the same occupation and for the further reason that said license fee is based on income"; that ordinance No. 458 is unreasonable and void in prohibiting the licensing and operating of more than one picture show in the city, in that it is unconstitutional; and that its enactment is not within the purview of the powers of the municipality.

To this complaint appellants demurred and also filed an answer, but they elected to stand on their demurrer, and the answer was evidently abandoned. The decree recites that the cause was submitted to the court on the complaint and exhibits, "and the demurrer of defendants, and the court after having heard the argument of counsel—doth overrule said demurrer, whereupon defendants refuse to further plead and elected to stand upon their demurrer, thus admitting the allegations of plaintiff's bill." A decree was entered in accordance with the prayer of the complaint. Hence this appeal.

A great portion of the brief of appellants is devoted to a discussion or recitation of matters alleged in its answer, which was abandoned by them, not submitted to the trial court, and, therefore, has no place in this record, but is extraneous thereto. The complaint alleged that the licensing and taxing provisions of said ordinances are unreasonable, inequitable and discriminatory. It appears to us that this is a question of fact, admitted by the demurrer. Of course the city council has the right to regulate, license, tax, or to prohibit, under certain conditions, moving picture shows. See §§ 9589 and 9601, Pope's Digest. But the business of operating moving picture shows is a lawful business and it may not be suppressed or unreasonably burdened by license fees and taxes which are unreasonably high or discriminatory. As we understand it, appellee does not complain of the $100 annual license fee, but it does contend that the so-called tax of 40 cents per chair for chairs in excess of 300 is unreasonable, inequitable and discriminatory. Whether it is, is a question of fact admitted by the demurrer, which the court properly overruled as to the tax. While this is true, we think it proper to say we will not feel bound by the principle of *res adjudicata* in another proceeding to collect or enforce a proper tax or license fee, even of those provided by these ordinances, where a showing is made that the tax or license is not unreasonable and discriminatory.

We are also of the opinion that the power of the city council extended only to the right to regulate reasonably and did not include the power to prohibit appellee, or others, from operating more than one picture show. The power to thus prohibit has not been conferred upon municipalities. For general principles see *North Little Rock* v. *Rose,* 136 Ark. 298, 206 S. W. 449; *Replogle* v. *Little Rock,* 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333; *Balesh* v. *Hot Springs,* 173 Ark. 661, 293 S. W. 14; *Ark. R. R. Com.* v. *Castetter,* 180 Ark. 770, 22 S. W. 2d 993, 68 A. L. R. 1018.

In 62 C. J., p. 847, it is said: "The power to regulate moving picture shows must be exercised reasonably

and not capriciously or arbitrarily, and in passing on the reasonableness of an ordinance regulating the operation of moving picture shows, the court may consider what the effect of an ordinance would be when its provisions are given practical application; but after the building has been authorized and the owner has incurred expense in constructing it, the city has power only to regulate and not prohibit its use for moving picture purposes."

With the limitation herein expressed, the decree will be affirmed.