BENNETT v. CITY OF HOPE.

4-6719                                          161 S. W. 2d 186

Opinion delivered April 21, 1942.

148

*James H. Pilkinton* and *C. Van Hayes,* for appellant.

*Steve Carrigan* and *E. F. McFaddin,* for appellee.

Holt, J. Appellant, by appropriate action, questions the validity of § 3 of ordinance No. 554 which was duly enacted by the council of the city of Hope, Arkansas. This section reads as follows: "It shall hereafter be unlawful for any person, firm or corporation to construct or have constructed any building to be used or occupied by any person without having such building connected with the sanitary sewer system of the city of Hope, Arkansas."

Municipal corporations derive their legislative powers from the general laws of the state. Article 12, § 4, Constitution of Arkansas. In the *City of Argenta* v. *Keath,* 130 Ark. 334, 197 S. W. 686, L. R. A. 1918B, 888, we said: "A municipal corporation has no powers except those expressly conferred by the Legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purposes expressly declared. *Willis* v. *City of Fort Smith,* 121 Ark. 606, 182 S. W. 275; *Bain* v. *Fort Smith Light & Traction Co.,* 116 Ark. 125, 172 S. W. 843, L. R. A. 1915D, 1021; *Morrilton Waterworks Imp. Dist.* v. *Earl,* 71 Ark. 4, 69 S. W. 577, 71 S. W. 666."

Section 9615 of Pope's Digest provides: "Nothing in this act shall be so construed as to authorize the board of health to order or compel the building of a sewer by one property owner over the property of another, or for a greater distance from his property through or into any street or alley than three hundred feet, to a place where a connection can be made with a sewer."

Appellant among other things alleged, as a fact, in his complaint that he had partially completed a residence on lot 3, block 5, Wallace Addition to the city of Hope, Arkansas, and that this lot is more than three hundred feet from any point where connection can be made with any city sewer. Demurrer alleging that the complaint did not state a cause of action was sustained. This appeal followed.

It is our view that the city council of Hope had clearly exceeded its legislative powers in the instant case and § 3 of the ordinance in question is invalid. By this section of the ordinance, the city council attempts to do exactly what § 9615, *supra,* says that it may not do, and that is that it may not require a property owner to connect with a sewer line unless the city provide sewer facilities within three hundred feet of his property. It is generally known that in many, if not all, municipalities of this state, there are outlying lots suitable for residence purposes more than three hundred feet from any sewer connection and it seems quite clear that the Legislature in enacting § 9615, *supra,* of course, had such property in mind and had no intention of preventing the erection of residences on such lots.

In the instant case appellant seeks to erect a residence on a lot which he owns and which is more than three hundred feet from a sewer connection. Certainly it cannot be said that the building of a residence is a nuisance *per se.* It may become one by its use. In which event the city of Hope, under its police power, could abate such nuisance, but to say to appellant in advance of the completion of the building in question that he cannot finish it because he alleges in his complaint that he proposes to equip it with "toilet facilities of the outdoor type approved by the State Department of Health and to be built according to WPA specifications," is, we think, clearly an invasion of his constitutional rights. Unquestionably the city of Hope could force appellant, after he has erected his residence, to connect with its sewer when and if a sewer is provided within three hundred feet of appellant's lot. A city may regulate the construction of buildings (§ 9619, Pope's Digest), but it

cannot prevent construction unless the proposed construction is *per se* dangerous to the public health and safety.

Section 9615, *supra,* of the general statutes, is clearly a valid enactment—within legislative powers—and comes within the rule announced by this court in the *City of Helena* v. *Dwyer,* 64 Ark. 424, 42 S. W. 1071, 39 L. R. A. 266, 62 Am. St. Rep. 206, where it is said: "The police power of the state is very broad and comprehensive, and can be exercised to promote the health, comfort, safety and welfare of society. Its limits have not been definitely defined. It is not, however, without its limitations."

But, as indicated, the ordinance in question goes further than the state law authorizes. This court in *Martin* v. *Hilb,* 53 Ark. 300, 14 S. W. 94, in construing §§ 9612 and 9615 of Pope's Digest, said: "It [act approved March 22, 1881, § 18, p. 161, now § 9612, Pope's Digest] provides that after the completion of any sewer authorized to be built under the provisions of the act, it shall be lawful for the board of health of the city, whenever in their opinion the public health will be promoted thereby, to order any one or more property owners near or adjacent to any sewer to construct upon their property sewers leading from some point on their premises to the sewer of the city for the purpose of conducting the sewage about such premises into the city sewers. The only conditions placed upon the exercise of this authority are, that, in the opinion of the board of health, the public health will be thereby promoted, and that their orders shall apply only to property owners near or adjacent to the city sewer. What is intended by property near or adjacent to the sewer is defined in a subsequent part of the act. Section 876, Mansfield's Digest." Section 876, Mansfield's Digest, is now § 9615 of Pope's Digest.

In *Malone* v. *Quincy,* 66 Fla. 52, 62 So. 922, Ann. Cas. 1916D, 208, American and English Ann. Cas. 1916D, p. 211, the general rule is announced in this language: "Power to regulate does not include power to prohibit. . . . The charter seems to contemplate the use of a sewer system and also of earth closets and privies, the

power given to abate nuisance being broad enough to prevent the improper use of either utility. The ordinance here complained of in substance forbids the use of earth closets upon property in the city that is situate not more than 200 feet from the 'main sewer line or the water main' without reference to whether such closets are a nuisance. The enforcement of such an ordinance is not within the express or implied powers of the city; and as the city can exercise only such powers as are conferred upon it by statute, the ordinance is invalid because not authorized by law; . . ."

Having reached the conclusion that the trial court erred in dismissing appellant's complaint, the decree is reversed, and the cause remanded with directions to proceed in conformity with this opinion.