CITY OF SPRINGDALE *v.* CHANDLER.

5-100                                        257 S. W. 2d 934

Opinion delivered May 18, 1953.

*Ulys A. Lovell* and *James E. Evans,* for appellant.

*Courtney C. Crouch,* for appellee.

ROBINSON, Justice. The trial court held an ordinance of the City of Springdale pertaining to the keeping of chickens in the corporate limits to be invalid, and the City has appealed.

Section One of Ordinance No. 255 of the City of Springdale provides: ''That hereafter no person or persons shall keep or permit to be kept within the City limits of Springdale, Arkansas, any cow or cows, hog or hogs, sheep, goats, horses, poultry or other livestock, which animal or animals shall be housed or permitted to

run or graze during the day or night within 150 feet of the dwelling house of any other inhabitant of the City of Springdale, Arkansas, provided that no action shall be taken by the properly constituted authorities of the City of Springdale, Arkansas, except upon written protest of two or more neighbors of the person keeping such livestock.''

Appellee was charged with a violation of this Ordinance by keeping chickens in the city within 150 feet of a dwelling. He filed a demurrer which was sustained by the trial court.

The Statutes give cities authority to prevent injury or annoyance within the city limits from anything dangerous, offensive, or unhealthy, and to cause any nuisance to be abated; and authorize cities to prevent, abate and remove nuisances of every kind; and give the power to make such ordinances as to them shall seem necessary to provide for safety, health, etc. Ark. Stat. § 19-2303, § 19-2304, § 19-2401.

A municipal corporation can not declare that to be a nuisance which is not a nuisance *per se*. *Merrill* v. *City of Van Buren,* 125 Ark. 248, 188 S. W. 537.

A livery stable in a city or town is not a nuisance *per se, Durfey* v. *Thalheimer,* 85 Ark. 544, 109 S. W. 519, *City of Fort Smith* v. *Bonner,* 194 Ark. 466, 107 S. W. 2d 539, nor is the hide and fur business, *City of Fort Smith* v. *Western Hide & Fur Co.,* 153 Ark. 99, 239 S. W. 724, or the keeping of cattle in a city, *Bryson* v. *Ellsworth,* 211 Ark. 313, 200 S. W. 2d 504. A city or town has no right to declare the keeping of bees in the city a nuisance. *Town of Arkadelphia* v. *Clark,* 52 Ark. 23, 11 S. W. 957.

However, the city may regulate the location of livery stables, but such a regulation must not be arbitrary or unjust, *City of Little Rock* v. *Reinman-Wolfort Automobile Livery Co.,* 107 Ark. 174, 155 S. W. 105. Likewise a city may regulate the keeping of chickens, but whether such regulation is arbitrary or unjust depends on evidence. It might be arbitrary to prevent the keeping of a

few hens at a place where it would not be arbitrary or unjust to prevent the keeping of thousands of chickens.

But here a violation of the ordinance depends on whether two or more neighbors have filed a written protest. Such neighbors could protest against one person because of the keeping of chickens, and yet such accused person's next-door neighbor could keep chickens under the same circumstances because no one had protested. Hence the ordinance is in conflict with Art. 2, § 18 of the Constitution which provides: "The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens."

A city ordinance which allows an arbitrary discrimination is unconstitutional and void, *Waters-Pierce Oil Co.* v. *Hot Springs,* 85 Ark. 509, 109 S. W. 293, 16 L. R. A., N. S. 1035.

Affirmed.