Hackler *v.* City of Fort Smith.

5-3305                                    377 S. W. 2d 875

Opinion delivered April 27, 1964.

*Bethell & Pearce, A. F. House,* for appellant.

*G. Byron Dobbs* and *Thomas Harper,* for appellee.

Ed. F. McFaddin, Associate Justice. This suit is an attack by appellants[1] on the validity of Ordinance 2421 of the City of Fort Smith, which ordinance reads:

"ORDINANCE NO. 2421

"AN ORDINANCE PROHIBITING BLASTING IN ROCK QUARRIES WITHIN THE CITY LIMITS OF FORT SMITH.

"BE IT ORDAINED BY THE BOARD OF COM-MISSIONERS OF THE CITY OF FORT SMITH:

"SECTION 1. No blasting or use of explosives in quarrying operations in rock quarries located in the city limits of Fort Smith shall be permitted.

"SECTION 2: Violation of this ordinance shall con-stitute a misdemeanor and shall be punishable by a fine not to exceed $1,000.00, or imprisonment in the city jail not to exceed six months, or both such fine and imprison-ment.

---

[1] The appellants are James M. Hackler and Mississippi Valley Engineering & Construction Company.

"SECTION 3: Whereas, there is immediate danger to lives and property of the people of Fort Smith arising out of the use of explosives and blasting in rock quarries in the City of Fort Smith and an emergency exists, and this ordinance being necessary for immediate protection and safety shall be in force from and after its passage and approval.

"PASSED AND APPROVED this 6 day of August, 1963.

"/s/ Robert R. Brooksher, Mayor

"ATTEST: /s/ Carl R. Atkins, City Clerk."

The plaintiffs below (appellants here) alleged that Mr. Hackler owned a rock quarry located in the City of Fort Smith; that after the adoption of said ordinance the plaintiff, Mississippi Valley Engineering & Construction Company, contracted to mine and remove stone from the Hackler quarry; that the only way to mine the stone was by blasting; that the ordinance, insofar as it prohibited blasting, was void for a variety of reasons, one of which was that it absolutely prohibited the use of explosives in quarrying operations, rather than merely regulated the use of explosives. The prayer of the complaint was to enjoin the City of Fort Smith and its named officials from an enforcement of the said ordinance against the appellants.

Shortly after the filing of the complaint the Chancery Court issued a temporary injunction against the enforcement of the ordinance, and permitted blasting to continue at the quarry in a regulated manner until final hearing. At the close of the plaintiffs' case on final hearing, the City filed a demurrer to the evidence of the plaintiffs. The demurrer was sustained, the temporary injunction was cancelled, and the complaint was dismissed. From that decree there is this appeal, in which the appellants urge three points, being:

"I. Ordinance 2421 is invalid because it is arbitrary and unreasonable, and deprives the appellants of their property without due process of law.

"II. Ordinance 2421 is discriminatory and deprives the appellants of equal protection of the law.

"III. Ordinance 2421 is invalid because it conflicts with State law and regulations permitting the regulated use of explosives."

We find it unnecessary to consider the second and third points because the first point is decisive of this appeal. The ordinance is void because it is a prohibitory ordinance and not a regulatory ordinance. In *Bennett v. City of Hope*, 204 Ark. 147, 161 S. W. 2d 186, this Court said:

"Municipal corporations derive their legislative powers from the general laws of the state. Article 12, § 4, Constitution of Arkansas. In the *City of Argenta* v. *Keath*, 130 Ark. 334, 197 S. W. 686, L.R.A. 1918B, 888, we said: 'A municipal corporation has no powers except those expressly conferred by the Legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purposes expressly declared.' "

The statutory authority under which the City of Fort Smith was attempting to act in adopting the ordinance 2421 is found in Ark. Stat. Ann. § 19-2303 (Repl. 1956), and reads:

"They [municipal corporations] shall have power to prevent injury or annoyance within the limits of the corporation, from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated within the jurisdiction given the board of health in section 5203 [§ 82-204], to regulate the keeping and transportation of gunpowder, dynamite, and other combustibles, and to provide or license magazines for the same; . . ."

In *Bennett* v. *City of Hope, supra,* we said: "Power to regulate does not include power to prohibit." In *Town of Arkadelphia* v. *Clark*, 52 Ark. 23, 11 S. W. 957, the City of Arkadelphia had declared the owning, keeping, or raising of bees in the City of Arkadelphia to be a nuisance and had prohibited the same. In holding that ordinance to be void, this Court said:

"Neither the keeping, owning, or raising of bees is, in itself, a nuisance. Bees may become a nuisance in a city, but whether they are so or not is a question to be judicially determined in each case. The ordinance under consideration undertakes to make each of the acts named a nuisance without regard to the fact whether it is so or not, or whether bees in general have become a nuisance in the city. It is, therefore, too broad, and is invalid."[2]

In *Jones* v. *Kelley Trust Co.,* 179 Ark. 859, 18 S. W. 2d 356, we held that the operation of a quarry and rock crusher was a lawful business and that it was not a nuisance *per se.* In *Balesh* v. *Hot Springs,* 173 Ark. 661, 293 S. W. 14, we held that if a business was lawful in itself and not a nuisance *per se,* then it could be regulated but not prohibited. In the case at bar the plaintiffs introduced a wealth of testimony, all going to show that blasting at the Hackler quarry could be carried on with safety by having small quantities of the blasting agent set off in a series, rather than in one large explosion. The witness, Dr. Harold H. White, gave most explicit testimony on this point. During the time that the Chancery Court permitted blasting in a regulated manner Dr. White placed a seismograph near the quarry and had blasting done with small quantities of explosives; and the reading of the seismograph definitely verified Dr. White's testimony. One witness, Jim Rutledge, a civil engineer in Fort Smith, stood within 60 feet of the point of the explosion, and experienced no harm. It was shown that the nearest houses or dwellings to the quarry were approximately 250 feet. It was furthermore shown that at another point in Fort Smith blasting in a shale quarry has been allowed for years without any reported damage. When the plaintiffs offered all this testimony the defendants filed a demurrer to the evidence; and, under *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, the testimony by the plaintiffs must be given its strongest probative force.

---

[2] To the same effect, see *City of Springdale* v. *Chandler,* 222 Ark. 167, 257 S. W. 2d 934.

A valid ordinance could be adopted by the City of Fort Smith for reasonable regulation of blasting at quarries; but an ordinance is not valid when it completely prohibits all blasting. The situation here is very much like that which existed in *Pierce Oil Corp.* v. *City of Hope,* 127 Ark. 38, 191 S. W. 405.[3] There, the City undertook to regulate the keeping of explosives within the City and provided that more than 60 gallons of gasoline or other inflammable substances could not be kept within 300 feet of any dwelling. There was no absolute prohibition against the keeping of gasoline or explosives within the city: there was merely a regulation. To the same effect is *Little Rock* v. *Reinman,* 107 Ark. 174, 155 S. W. 105,[4] wherein the City enacted that a livery stable could not be within a certain area, but livery stables were not prohibited elsewhere. To the same effect is *Goldman* v. *City of North Little Rock,* 220 Ark. 792, 249 S. W. 2d 961, wherein junkyards could be prohibited within a limited district, but could not be prohibited throughout the entire City; and in that case we discussed in some detail the distinction between regulation and prohibition.

So in the case at bar it was beyond the power of the City to adopt an ordinance which absolutely prohibited blasting at rock quarries within the City when it was shown, as here, that the blasting could easily be regulated. The decree of the Chancery Court is reversed. Because the Court sustained the defendants' demurrer to the evidence, we remand the cause for further proceedings (Ark. Stat. Ann., Sec. 27-1729, 1962 Repl. Vol.). But we now restore and reinstate the Chancery Court orders which permitted appellants, upon making bond, to have blasting at the quarry pending final disposition of this cause; and for good cause shown, an immediate mandate is ordered.

[3] The holding of this Court was affirmed by the United States Supreme Court in 248 U. S. 498, 63 L. Ed. 381, 39 S. Ct. 172.

[4] The holding of this Court was affirmed by the United States Supreme Court in 237 U. S. 171, 59 L. Ed. 900, 35 S. Ct. 511.