The Honorable Jonathan S. Fitch State Senator Rural Route 1 Hindsville, AR 72738
Dear Senator Fitch:
This is in response to your request for an opinion on the following questions:
 1. Under A.C.A. § 14-42-102, the corporate authority of cities that are organized is vested in one (1) principal officer, to be called the Mayor and one (1) board of aldermen, to be called the city council. A.C.A. §§ 14-42-110 and 14-44-107 set forth the powers of mayors of cities of the second class. What authorizes the powers of the city council of a city of the second class and specifically what are the powers of the city council of a second-class city?
 2. In a city of the second class, does the mayor or city council have the authority to run day-to-day, non-legislative activities of the city, and specifically who is responsible for the hiring and firing of employees, directing work activities of employees, and authorizing or restricting access to city facilities?
 3. Is it a conflict of interest for a city council member of a city of the second class to be employed as building and plumbing inspector of the same city?
With regard to your first question, municipal corporations in Arkansas derive their legislative powers from the general laws of the state. Bennett v. City of Hope, 204 Ark. 147,161 S.W.2d 186 (1942), citing Ark. Const. art. 12, § 4; City of LittleRock v. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967). As stated recently by the Arkansas Supreme Court:
 It is fundamental that cities do not have inherent authority to enact legislation. Such authority is dependent upon the authority granted by the Constitution and the General Assembly.
City of Fordyce v. Vaughn, 300 Ark. 554, 559, 781 S.W.2d 6
(1989), citing City of Little Rock v. Raines, supra.
It is thus clear that cities have no inherent powers. Reference must be made, instead, to the various legislative and constitutional grants of authority in order to ascertain the powers of the city council in a city of the second class. Title 14, Subtitle 3, of the Arkansas Code of 1987 Annotated sets forth both general and specific areas of municipal authority. Article12 of the Arkansas Constitution sets forth the primary constitutional provisions pertaining to municipal corporations.
We cannot, in the context of an Attorney General opinion, undertake a review of all powers of the city council. The foregoing sources of authority should be referenced. Any specific questions in this regard should be addressed in the first instance to the city attorney, or counsel to whom the city ordinarily looks for advice.
Resolution of your second question requires consideration of specific activities and employees. Again, we suggest that you consult your city attorney in this regard. Generally, with only a few exceptions, these matters are not addressed specifically in any state statute or constitutional provision.[1]
Consideration must therefore be given to any local legislation in these areas. It should be recognized that in addition to those powers expressly conferred by the Legislature or the Constitution, the powers of municipal corporations and their officers, departments, and subdivisions include ". . . those necessarily or fairly implied, or incident to the powers expressly conferred, or those powers which are essential or indispensible to the accomplishment of the declared purposes of the corporation." Portis v. Bd. of Public Utilities,213 Ark. 201, 205, 209 S.W.2d 864 (1948); see also Bennett andRaines, supra.
Authority in the questioned areas may, in my opinion, be fairly implied as deriving from the various express grants under the statutes and the Constitution. As noted above, a conclusive determination would require consideration of the specific activities, employees, and facilities in question. As a general matter, however, there appears to be no prohibition against the enactment of local legislation addressing these matters. In the absence of such legislation, it may reasonably be concluded that the mayor, as the "principal officer" of the city (A.C.A. §14-42-102), may exercise authority in these areas. Again, however, consideration must be given to any relevant local legislation, as well as any state statutes in connection with specific activities, employees, and facilities.
In response to your third question, A.C.A. § 14-42-107(a)(2) prohibits the appointment of any alderman or council member to any municipal office during the time for which he may have been elected. If the building and plumbing inspector position was created as an "office,"[2] this section would prevent a city council member's appointment to that position. See Att'y. Gen. Op. No. 91-302. Dual service in these positions is probably also prohibited under the common law doctrine of "incompatibility," which has been expressed as follows:
 `The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other. . . .'
Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023,1025, 104 S.W.2d 458 (1937).
It must be noted in this regard that the city council may vote to override the mayor's action in appointing and removing department heads. A.C.A. § 14-42-110. This "override" authority of the council thus implicates the doctrine of incompatibility in connection with department head positions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] Mayors in cities of the second class have the authority, unless otherwise provided by state law, to "appoint and remove all department heads. . . ." A.C.A § 14-42-110. City councils have the power to establish a city police department and to "organize it under the general superintendance of the mayor." A.C.A. § 14-52-101.
[2] See Op. No. 91-302, at 3 (copy enclosed), for a discussion of public "office" versus public employment.