The Honorable Lisa Ferrell State Representative 7 Berkshire Drive Little Rock, AR 72204-4805
Dear Representative Ferrell:
This is in response to your request for an opinion on the following:
 Can a municipality enter into an agreement with a collective bargaining agent for binding arbitration of disputes that arise under a collective bargaining agreement? For example, if a collective bargaining agreement contains a just cause clause for termination of an employee, can the employee vindicate his right under the collective bargaining agreement by submitting the issue to an arbitrator selected by the parties?
RESPONSE
It is my opinion that the answer to both of these questions is in all likelihood "no." Such an agreement would, in my opinion, likely be unenforceable under Arkansas law.
The Arkansas Supreme Court has specifically held that municipalities may not be forced to engage in collective bargaining. Czech v. Baer,283 Ark. 457, 677 S.W.2d 833 (1984) and City of Ft. Smith v. No. 38,AFL-CIO, 245 Ark. 409, 433 S.W.2d 153 (1968). While it appears that the court has not directly addressed the question, certain language in Cityof Ft. Smith, supra, suggests that a city might voluntarily engage in collective bargaining. It seems clear, however, that as to those employer/employee disputes involving matters over which the city exercises legislative power in accordance with state law, the city cannot agree to binding arbitration. Such an agreement would be contrary to the general laws of the state and would be unconstitutional. Ark. Const. art. 12, § 4. The basic rule, expressed in City of Ft. Smith, is that "the fixing of wages, hours, and the like is a legislative responsibility which cannot be delegated or bargained away." 245 Ark. at 413. The court quoted the following from a Kansas case:
 The entire matter of qualifications, tenure, compensation and working conditions for any public employee involves the exercise of governmental powers which are exercised by or through legislative fiat. Under our form of government public office or employment cannot become a matter of collective bargaining and contract.
Id., quoting Wichita Public School Employees v. Smith, 194 Kan. 2,397 P.2d 357 (1964).
The City of Ft. Smith court also agreed with the following "observation" in a Colorado case:
 A proper exercise of the legislative function might well involve consultation and negotiation with spokesmen for public employees, but the ultimate responsibility rests with the legislative body and, under the record here presented, that responsibility cannot be contracted away.
245 Ark. at 415.
The City of Ft. Smith case was subsequently relied upon in Czech v.Baer, supra, wherein the court rejected a local initiative for a binding-arbitration ordinance with respect to wage controversies. The ordinance would have required future policemen's wage controversies not resolved by agreement to be referred to an arbitration panel whose decision would be final. The ordinance would be invalid even if approved by the voters, the court noted, because "state law prohibits a city from abdicating or delegating its legislative power to fix its employees' pay. . . ." 283 Ark. at 461. Harrison v. Snyder, 217 Ark. 528,231 S.W.2d 95 (1950) was cited for the "fundamental" principle that a city's legislative power cannot be delegated away. Id. at 460.
An unlawful delegation issue may also arise with regard to your specific example involving termination of an employee. For instance, the appointment and removal of department heads in cities of the first and second class is governed by A.C.A. § 14-42-110 (Repl. 1998). A binding arbitration agreement with regard to these positions would clearly constitute an unlawful delegation or usurpation of authority specified under state law.[1] But what about the termination of a municipal employee whose hiring and firing is not addressed by state law? Could a city agree to binding arbitration of a termination decision with respect to such an employee?
It is my opinion that as a general matter a municipality lacks the authority to enter into a binding arbitration agreement in the absence of a state law clearly conferring such authority. According to my review of the Code, there is currently no such law. Although, as you note, arbitration is included within the "dispute resolution processes" authorized under A.C.A. §§ 16-7-201 through 207 (Supp. 1999), there is nothing indicating that this contemplates binding arbitration of public employer/employee disputes.
It is of course well established that municipalities in Arkansas have no inherent powers, but instead derive their powers from the general laws of the state. Ark. Const. art. 12, § 4; City of Little Rock v. Raines,241 Ark. 1071, 411 S.W.2d 486 (1967); Bennett v. City of Hope, 204 Ark. 147,161 S.W.2d 186 (1942). The general laws of this state clearly authorize, and indeed appear to require, the use of "dispute resolution processes" by local government. See A.C.A. § 16-7-203 (Supp. 1999). Such "processes" specifically include "arbitration." See A.C.A. § 16-7-201 (Supp. 1999). Local government's "duty" in this regard is stated under § 16-7-203 as follows:
 It is the duty of all the elements of government expressed or implied by § 16-7-101(3) [now codified as § 16-7-201 (3)] and they are hereby authorized, to use dispute resolution processes in resolving any and all disputes, cases, or controversies in which they may be directly or indirectly involved, whether between themselves and members of the public or between any other state or local officer, agency, government, or entity of this state or of any other state or any element or entity of the federal government.
A.C.A. § 16-7-203 (Supp. 1999) (emphasis added).
The language emphasized above makes no reference to public employees. There is thus no clear expression of legislative intent under this provision to authorize or require the use of "dispute resolution processes" in resolving public employer/employee disputes. It must be recognized, moreover, that in the case of municipalities, "collective bargaining" has been made a "state affair" and thus subject to the general laws of the state. A.C.A. § 14-43-601 (a) (1) (E) (Repl. 1998). It is not a "municipal affair" over which municipalities have general legislative authority. Compare A.C.A. § 14-43-602. The legislature is presumed to be aware of the fact that binding arbitration is often included as a requirement in collective bargaining agreements. Had the legislature intended to require or authorize municipalities to enter into binding arbitration agreements, it could easily have included such a provision in the "dispute resolution" legislation. A.C.A. § 16-7-201 etseq., supra. The absence of such a provision compels me to conclude that municipalities in Arkansas in all likelihood lack the authority to agree to binding arbitration of employer/employee disputes.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The power to appoint and remove all department heads in cities of the first and second class resides with the mayor or city manager in accordance with A.C.A. § 14-42-110 (a)(1) and (b), unless the authority has been lawfully delegated to the civil service commission in accordance with § 14-42-110 (a)(2) (regarding heads of the police and fire departments in cities with the mayor/council form of government).